## The People *vs.* Rutan *et al.*

Section 26, Chap. 163, R. S., does not confer authority upon the officers therein named, to take recognizance of persons in custody, charged with offences, after indictment found ; but this power is conferred upon the officers named in sec. 28 of said chapter, in all cases of bailable offences, before or after indictment. The word "committed" in the first clause of the last named section, refers to persons in custody before or after indictment.

A recognizance reciting that R. and W. were brought before the officer, taking the recognizance upon an indictment found against them, &c., for setting fire to, and wilfully burning a building situate, &c., "known as the Canal Mills," sufficiently sets forth the offence charged in the indictment, and the offence stated is such as to give the officer jurisdiction to take bail.

A recognizance need not set out offences with the same particularity as the indictment. The offences need only be described with sufficient certainty to show the case to be one in which the officer was empowered to take bail.

Case reserved from Macomb Circuit.

Demurrer to declaration upon a recognizance in the words following:

"STATE OF MICHIGAN,
 *County of Macomb,* } ss.

We, John Rutan, Asquire W. Aldrich, James Covel, and Jacob Summers, 2d., of Macomb County, acknowledge ourselves to be indebted to the People of the State of Michigan in the sum of four thousand dollars, to be respectively levied of our several goods and chattels, lands and tenements, to the use of the said People of the State of Michigan, if default should be made in the conditions following:

The condition of this recognizance is such that, whereas, the said John Rutan and Asquire W. Aldrich have been this day brought before Abner C. Smith, County Judge in and for the County of Macomb, upon an indictment found against them at the November Term of the County Court, A. D., 1851, by the Grand Jury of said County of Macomb, for that Asquire W. Aldrich and John Rutan, on the 28th day, or the morning of the 29th day of September, A. D., 1851, did set fire to, and willfully burn a building situated in the village of Utica, County and State aforesaid, known as "the Canal Mills," belonging to Asquire W. Aldrich, Seth K. Shetterby, and John R. Garlick, and occupied by said Garlick.

Now, therefore, the condition of this obligation is such, that if the said John Rutan and Asquire W. Aldrich, shall personally appear at the next Term of the Circuit Court to be held in and for said County of Macomb, at Mt. Clemens, in said County, on the fourth Tuesday of March next, then and there to answer to the said indictment against them, for the offence aforesaid, and to receive what shall by said Court be then and there enjoined upon them, and shall not depart said Court without leave duly granted, then this recognizance to be void, otherwise to remain in full force and virtue.

A. W. ALDRICH,
JOHN RUTAN,
JAMES COVEL,
JACOB SUMMERS, 2D.

Taken, subscribed, and acknowledged before me, this fourteenth day of November, A. D. 1851.

A. C. SMITH, County Judge M. C."

The defendants, Rutan and Aldrich, had been indicted in the Macomb County Court, and had elected to be tried in the Circuit Court. Upon making the election the foregoing recognizance was taken, upon the forfeiture of which this action was brought, and to the declaration a demurrer interposed, and among other grounds of demurrer it was insisted that after the election to the Circuit Court no officers but the Judge of the Circuit Court could take bail, and that he derived his power from the common law and not from any express statutory provision. That the power to bail persons in custody *after* indictment was not conferred by the provisions of chap. 163, R. S., upon any of the officers therein named. It was also urged, as invalidating the recognizance, that it did not describe an indictable offence; that the building alleged to have been burned was neither of the structures named in sections 3, 4 and 5, chap. 154, R. S.; that the building was averred to be "known as the Canal Mills," but not averred to be in fact a mill, and used and occupied as a mill or for any other purpose.

Other questions growing out of the provisions of the law organizing the County Court were argued at the hearing, and so much of the opinion as relates to them is omitted.

*Hale*, Attorney General, and *R. P. Eldredge*, for the defendant, cited People *vs.* Kane, 4 Denio 530; 5 Barb. S. C. R. 360; Id. 511; 2 Comst. 82.

*Howard & Mandall*, for defendants, cited 12 Peters' R. 718; 2 Howard R. 338; 4 Bl. Com. 318, 319; 9 Mass. R. 522; 16 Id. 446; 4 Denio R. 539, per Beardsley, J.; 7 Pick. 232; 15 Id. 193; 1 Chit. Crim. L. 98; 1 Bac. Abr. Title, "Bail" in crim. cases, B. 350; 2 Hale's Pl. Cr. 129, 148, 133; Com. Dig. Title "Bail" 4; 2 Hawk. Pl. 145; 16 Mass. R. 198;—and upon the point that the recognizance does not describe an indicta-

ble offence and is therefore void: Arch. Crim. Pl. 300; 8 B. & C. 461; 4 Denio R. 530; 7 Hill 39–44; 9 Mass. 522; 12 Id. 447; 16 Id. 446; and 5 Barb. S. C. R. 360.

By the Court, WING, P. J.

This action is brought upon a recognizance executed by the defendants to the people of this State.

To the second count of the declaration the defendants demurred, and one of the causes of demurrer is, that it appears that Smith, the County Judge, had no authority to take the recognizance.

It is urged that as the defendants had been indicted in the County Court, and had elected to be tried in the Circuit Court, they remained in the custody of the sheriff, and no officer except the Judge of the Circuit Court could take bail, and that he derived his power from the common law, and not from any express statutory provision.

We are referred by the Attorney General to sections 23 and 26, of title 91, of chapter 163, of the R. S. of 1846, as containing express provision upon this subject, and authorizing the County Judge to take the recognizance.

We are of the opinion that section 26 did not authorize the officer therein named to take a recognizance of persons in custody. After indictment found, power is given by the first section of the same chapter to certain officers to apprehend persons charged with offences which are not cognizable before a Justice of the Peace. The following sections down to section 18, prescribe the mode by which prisoners are to be brought before these officers and examined. Section 18 provides that "if it shall appear that an offence not cognizable by a Justice of the Peace, has been committed, and that there is probable cause to believe the prisoner guilty thereof, and if the offence be bailable by the magistrate, and the prisoner offer sufficient bail, it shall be taken and the prisoner discharged; but if no sufficient bail be offered, or the offence

be not bailable by the magistrate, the prisoner shall be committed to prison for trial."

It will be noticed that all the officers named in the first section, are placed upon the same footing in respect to their power to arrest and examine persons charged with offences; but section 18 seems to intend to make a distinction between them, in respect to their power to bail persons who upon examination, shall appear to have committed an offence, &c., for the words are, "if the offence be bailable by the Magistrate;" not bailable generally, but by the particular magistrate who conducted the examination, and this is done with a view to a particular classification of their powers, as contemplated by this section. It is provided in section 26 as follows: "Officers before whom persons charged with crime should be brought, shall have power to let to bail as follows." Then in the three subdivisions of the section, the cases are specified in which each officer may let to bail the persons so charged with crime.

The distribution of powers made in this section, seems to have been necessary to define what was meant by the words, "bailable by the Magistrate," in the 18th section, and that this is all that was intended by section 26, is, I think, manifest from the fact that the words "charged with crime," in the first lines of this section are nearly identical with the words "charged with offences," in the first section, and it shows quite clearly, I think, that sections 1, 18, and 26, relate exclusively to cases before commitment, and after an examination on a charge of a crime or offence.

Section 26 of our R. S. is taken literally from the R. S. of New York, ( *Vol.* 2, *page* 710, *sec.* 29,) which contains no other provision in relation to bailing prisoners, who on examination, or after they have been committed by the examining Magistrate (but before indictment,) may wish to be bailed. In that State it seems to be held that section 29 of their statute, applies as well to cases of prisoners in jail upon a com-

mitment for want of bail, as to cases on examination, and before commitment. See the cases of the People *vs.* Koles, 7 Hill, 39; The People *vs.* Young, Ib. 44; Champlain *vs,* the People, 2 Comstock, 82; The People *vs.* Mills, 5 Barbour's Rep., 511.

The People *vs.* Kane, 4 Denio, 531, was a case in which bail was taken after commitment. In all these cases reference is made to section 29, as giving the power to bail.

I do not find any case in the New York reports where the power to bail after indictment is held to have been given by this section. The evident meaning of this section was to restrict the authority therein granted to cases of examination or of commitment after examination, for the New York laws contain an express provision (*in sec.* 56 *of chap.* 2d, *title* 4, *art.* 2, *R. S., page* 729,) for bailing prisoners in confinement after indictment, from which it would seem to follow that the power to bail after indictment was not claimed or derived from the provisions of section 29.

In this State also we have an express provision, in section 23 of the same chapter in which section 26 is found, which enacts that any Justice of the Supreme Court, Circuit Court Commissioner, or any Judge of the County Court for any county, on application of any prisoner committed for any bailable offence, and after due notice to the Prosecuting Attorney for the county, may inquire into the case and admit such prisoner to bail; and any person committed for not finding sureties to recognize for him, may be admitted to bail by any of the said officers.

It is evident from this enactment that the legislature did not regard section 26 as authorizing the officers therein named to let prisoners to bail who were in confinement for want of bail for their appearance at the County Court, for it would have been absurd to have incorporated their new section differing from any to be found in the New York law, (from which this chapter was mainly taken,) if it was intended that

section 26 should have the same construction as is put upon it by the New York courts.

There is an obvious propriety in allowing Justices of the Peace named in section 26 to let persons to bail in cases where they are examined by them on a criminal charge, within certain restrictions, but it seems not to have been deemed prudent to confer on this class of officers the power of bailing prisoners after they were committed by other officers, and much less after indictment, because this class of officers (and others named in the third sub-division of section 26,) were not named in section 23.

But it is insisted by the counsel for the defendants, that the power to bail a prisoner *in custody after indictment*, is not given to a County Judge or to any of the officers therein named, and that all the power given by that section must be restricted to cases of persons committed under the provisions of section 18, and cannot be held to extend to cases after indictment. In support of this view, the case of the Commonwealth *vs.* Cassady, 13 Pick. 86, is cited, but the decision was made upon a statute differing in many respects from ours, and therefore is not an authority in this case.

That it was not intended by the first clause of this section to limit the power of the Justices of the Supreme Court or of the Circuit Court Commissioner or a County Judge to take bail " on the application of any person committed for a bailable offence," whether before or after indictment, is, I think, apparent from the last clause of the section, which expressly provides for the case of a person committed on examination, and who did not find sufficient sureties. It gives the power to bail in such cases, to either of said Judges or a Justice of the Peace. This last clause embraced all cases after commitment on examination, consequently one Justice or a Judge might bail all prisoners committed on examination, whatever the grade of their offences and whether the prisoner was committed by himself or by another Justice or Judge. The

Justice, however, was restricted by the proviso from taking bail in a less amount than was required by the order of commitment.

Additional evidence that the intention of the Legislature, by incorporating that section into our R. S. of 1846, was to confer this power to bail upon the persons named therein in all cases, is found in the fact that they provide that notice shall be given to the Prosecuting Attorney of the application for bail. This is also required in cases of persons brought out on the habeas corpus, and affords additional security against hasty or unadvised action.

But it is insisted by the defendants' counsel, that the word " *commitment* " has a well settled technical statutory meaning, and must be restricted in this action to the technical sense which is given to it in the books, and to its manifest sense as used in section 18.

It is true that this word, as used in the books and statutes, has generally the limited sense claimed for it in this section, but it is also true, that it correctly describes the process by which a person is confined under the order of a Court at any time before or after final sentence, and it is quite manifest that as used in the two clauses of this section, it has both the general and restricted technical meaning; otherwise, the first clause must be considered to be useless, and as having no purpose beyond what is expressed in the second clause. This would violate a rule of construction, (very difficult to be observed,) which requires us to give effect and a meaning to every clause and section in a statute. Again; the 84th section of session laws of 1849, provides that a defendant may elect to have his case tried in the Circuit Court, in which case the clerk shall make an entry on his journal of such election, and shall transmit the indictment and a copy of the record of the proceedings to the Circuit Court, which shall thereafter possess said cause, with full power to try, or otherwise dispose of the same, and the defendant shall stand committed, or

recognize with sureties, &c. Here the word "committed" is used, and the defendants in this case stood committed, not having given a recognizance. The Circuit Court had no jurisdiction over them until the transcript was filed in the Circuit Court.

I have thus given to section 23 the construction which I think it plainly bears, and I am led to the conclusion that the County Judge was empowered to take the recognizance in question in this case.

The recognizance recites that the defendants were brought before the County Judge for the county of Macomb, upon an indictment found against them, &c. &c., for setting fire to, and willfully burning a building situated in the village of Utica, &c., &c., "known as the Canal Mills," belonging to, &c. It is objected that this does not describe any offence; that describing it as "known as the Canal Mills" is not an averment that it is a mill, but we think the recognizance sufficiently sets out the offence stated in the indictment, and that the offence stated is such as to give the County Judge jurisdiction to bail.

It may not set out the precise words of the indictment, and if it does, a party should not be at liberty to try his indictment in an action upon his recognizance, unless the indictment is very clearly defective. The offence need not be stated with the same particularity as in an indictment; it need only be described with so much certainty as to show the case to be one in which the officer was authorized to take bail, (7 *Hill*, 42.) The County Judge was authorized to take bail in cases of arson, and in all cases but for murder and treason, and the description of the offence is sufficiently certain to point to the indictment. The defendants must test the actual sufficiency of the charge upon a question raised directly upon the indictment. If the charge in it is as stated in the recognizance, we are not prepared to say it is not sufficient, and give no positive opinion on this point.

Let it be certified to the Circuit Court for the county of Macomb, as the opinion of this Court, that the demurrer to the declaration should be overruled.