STATE OF MISSOURI, Defendant in Error, *v.* JOSEPH ROGERS *et al.*, Plaintiffs in Error.

1. *Evidence—Presumption—Courts.*—All proper presumptions will be indulged in favor of the judgments of courts of record, and they must appear clearly erroneous before they will be disturbed.
2. *Criminal Practice—Recognizance.*—Where a recognizance is taken by a judge who has authority to take such recognizance for the appearance of the party before the Circuit Court, it will be presumed that the necessary preliminaries were complied with, and that the proceedings were regular and proper.

*Error to Linn Circuit Court.*

*Lander,* for plaintiff in error.

WAGNER, Judge, delivered the opinion of the court.

The only question presented in this case, is as to the validity of the recognizance. The record is certainly very imperfect. It appears that Rogers was arrested in Linn county for larceny, and taken before a magistrate, where he confessed the crime whereof he stood charged. The magistrate committed him to jail, but it does not appear of record whether he was actually received by the jailor or not. Afterwards he appeared before Judge Smith, judge of the judicial circuit in which Linn county is situated, and entered into a recognizance with the plaintiff in error (Brownlee as security) in the sum of five hundred dollars, conditioned that he, the said Rogers, would appear at the next term of the Linn county Circuit Court to answer to an indictment to be preferred against him for "horse stealing," and not depart the same without leave, &c. This recognizance was among the papers in the cause, but not marked "filed." An indictment was regularly returned by the grand jury against the prisoner, who did not answer when called, but made default. The recognizance was then duly prosecuted to forfeiture, and a *scire facias* issued thereon.

At the return term of the *sci. fa.* the plaintiff in error Brownlee appeared and filed his demurrer, alleging as his

principal objections, that the principal (Rogers) being com-
mitted to jail by the justice, it did not appear of record, or
otherwise, that said Rogers was ever discharged from the
jail; that the recognizance was not filed in the office of the
clerk of the Circuit Court; and that the writ does not show
that he was charged with any offence known to the law.
Other points were made, but they require no particular notice.

The court overruled the demurrer, and gave judgment for
the State. The record shows enough to justify us in pre-
suming that Judge Smith acquired jurisdiction, and that the
prisoner was regularly released from jail on *habeas corpus*,
and that the jailor, in all probability, in making his return to
the writ, kept it, instead of delivering it over and filing it
with the papers in the clerk's office. It is shown that the
justice issued his mittimus ordering him to be sent to jail on
the 18th day of March, 1863; that he was brought before
the judge and entered into recognizance on the 8th day of
April thereafter; and that on the 17th day of the same
month the grand jury returned their indictment into court,
and that he, being then called, came not.

The conclusion from these facts is irresistible, that he was
committed to jail; that he was released from jail when he
entered into recognizance; and his actual default fully ap-
pears of record. Under these circumstances, we think we
are abundantly justified in presuming that all the necessary
steps were complied with, and the proceedings were regular
and proper. All proper presumptions will be indulged in
favor of the judgments of the Circuit Courts, and they must
appear clearly erroneous before they will be disturbed. It
has been argued here that there is nothing to show that
Rogers, the prisoner, was taken before Judge Smith to be re-
cognized. The recognizance, as embodied in the record,
states explicitly that both he and Brownlee appeared before
the judge and executed the same. Bronson, Ch. J., in de-
livering the opinion of the Supreme Court of New York,
remarks: " When the recognizance has a condition to do
some act, for the doing of which such an obligation may be

properly taken, and the officer before whom it was acknow-
ledged had authority by law in cases of that general descrip-
tion, I think the recognizance is valid although it does not
recite the special circumstances under which it was taken;
and in declaring upon such a recognizance, I do not think it
necessary to aver the existence of the particular facts which
prove that the officer had authority to take it."

There is an obvious distinction between cases where a
charge or burden is attempted to be fastened upon a party
by a proceeding *in invitum*, and those where the charge or
burden springs from his own voluntary act. (People v. Kane,
4 Denio, 531.) With us no formal declaration is filed in
proceeding on a recognizance, as is the practice in New York
and some of the other States; but the *scire facias* issues at
the instance of the prosecutor, and the demurrer reaches not
only to the writ but to the whole record. And it sufficiently
appeared that there was an 'apprehension of the party, that
he confessed his guilt and was committed to jail; that he
was afterwards recognized, and that he made default when
indicted. This objection is therefore purely technical, and
we will not say that it follows as a consequence that the
whole proceeding is void.

But it is not easy to perceive how the plaintiff in error is
injured by the decision of the court. The entering into the
recognizance was not *in invitum*, but his own voluntary act,
by which he freely and voluntarily acknowledged that he
owed and stood indebted to the State in a certain sum, pro-
viding the prisoner did not make his appearance at court
and answer an indictment to be preferred against him; the
prisoner did not make his appearance; the recognizance was
declared forfeited and the plaintiff in error adjudged to pay
his part. This is in precise accordance with his contract.
The recognizance was placed among the papers in the cause,
and the failure to mark "filed" on the same was evidently
a mere omission of the clerk. It ought not to be regarded
as a fatal defect. It would have been perfectly competent
for the court to have ordered it filed *nunc pro tunc*.

In examining the record we cannot concur in the position taken, that the recognizance does not show that Rogers was charged with any offence known to the law. It may be a bad description, but it is certainly sufficient; technical precision is not here required. The recognizance is in the usual form, binding the prisoner to appear in court to answer an indictment to be preferred against him, and not depart the same without leave, &c. He was therefore bound to appear, not only to answer the specific charge for which he was committed, but all others which might be preferred against him. (People v. Sterger, 10 Wend. 431; Champlain v. The People, 2 Comst. 81; 2 Hawkins' Pl. Cr., ch. 15, § 84.)

The result is the judgment must be affirmed. The other judges concur.