STATE OF MISSOURI, Defendant in Error, v. E. RILEY *et al.*, Plaintiffs in Error.

**Kansas City Court of Appeals, March 4, 1889.**

1. **Recognizance:** JURISDICTION OF JACKSON CRIMINAL COURT. Where the record shows that defendant was arrested for assault with intent to kill on the warrant of the recorder of Kansas City, an *ex-officio* justice of the peace within the city, and gave bond to appear at a future day and then changed the venue to one A., a justice of the peace of Kaw Township, Jackson county, Missouri, who bound him over to the Jackson criminal court to wait indictment, *held*, the defendant was legally in custody and the criminal court had jurisdiction to forfeit his recognizance upon his indictment and failure to appear and answer thereto.

2. ———: RECORD SHOWS FACTS SUFFICIENT TO AUTHORIZE FORFEITURE, WHEN. When, as here, the record satisfactorily shows that the recognizance was executed, was lodged in the office of the clerk of the criminal court, was present in the court below when the judgment was entered and the record contained, too, all the provisions necessary to warrant judgment, this court will not assume the trial court had no recognizance before it from the mere fact that such an instrument, copied in full, does not appear with the transcript.

*Error to the Jackson Criminal Court.*—HON. H. P. WHITE, Judge.

AFFIRMED.

*John W. Beebe,* for appellant.

(1) The record fails to show that Worthen possessed jurisdiction of the case, as it nowhere appears that Riley was charged with the commission of any offense within the limits of the City of Kansas. Amended Charter of Kansas City, sec. 15, p. 22. The failure of the record to disclose jurisdiction in the first instance is fatal to this proceeding. R. S., sec. 2077, p. 343. It does not appear that Riley was "legally in custody." R. S., *supra.* No presumption as to Worthen's jurisdiction will be indulged. Smith Leading Cases, sec. 88, p. 1105, and cas. cit.; *Howard v. Thornton,* 50 Mo. 291 ; *State v. Swope,* 72 Mo. 399. (2) If Worthen had no jurisdiction, then none was conferred on Allen by the change of venue. If, however, Worthen had jurisdiction, the affidavit for a change of venue was wholly insufficient to confer jurisdiction on Allen. The statute requires the defendant to allege in the affidavit that the justice is prejudiced against him. R. S. 1879, sec. 2039. (3) The record fails to show that Allen possessed jurisdiction. It nowhere appears that Allen "was the next nearest justice in the township." (4) If Allen took a recognizance it does not appear from the record that he transmitted the same with his docket entries to the criminal court. How could that court lawfully proceed to forfeit a recognizance not among its records, and how proceed in *scire facias* upon the forfeiture ? But its action seems to have been predicated upon the docket entry of Allen, "defendant gives bond in the sum of five hundred dollars for his appearance with J. S. Bishop and J. A. Frame as securities."

It is clear that, if for no other reason than the absence of the recognizance, the demurrer should have. been sustained. R. S., p. 343, sec. 2077; *People v. Van Epps*, 4 Wend. 487 ; *People v. Graham*, 1 Park 141 ; *Uron v. State*, 37 Ind. 339 ; *Randolph v. The State*, 22 Mo. 474.

No brief for respondent.

GILL, J.—This case comes here on writ of error from the criminal court of Jackson county, and is a proceeding to enforce a recognizance entered into before A. W. Allen, justice of the peace, Kaw township, Jackson county, Missouri. The defendant, E. Riley, was charged with the commission of a felony, and on a hearing had before the aforesaid justice of the peace he was bound over in bond of the sum of five hundred dollars to appear at the. next term of the criminal court of Jackson county, and the defendants, Bishop and Frame, were accepted as his sureties. In due time Riley was indicted by the grand jury, but failing to appear, a forfeiture of the recognizance was entered in December, 1885, and a *scire facias* issued, returnable to the following term.

Defendants, Bishop and Frame, appeared in pursuance of the writ and interposed a demurrer as follows :

"Now comes John S. Bishop and J. A. Frame, defendants in this cause, and demur to the *scire facias*, recognizance and record herein on the following grounds, to-wit:

"(1) Because it appears on the face of the record, *scire facias* and recognizance that the court has no jurisdiction of this cause.

"(2) Because the facts stated in the *scire facias*, recognizance and record are not sufficient to constitute a cause of action."

The criminal court overruled the demurrer, final judgment was entered, and defendants Bishop and

Frame come here and allege the one error, to-wit: that the court erred in overruling said demurrer.

I.   As to the question of jurisdiction, or whether, or not, the defendant Riley was in legal custody, the record shows complaint before Worthen, city recorder, and *ex-officio* justice of the peace, charging Riley with assault with intent to rob one Wm. C. Tenny; warrant was issued, the accused brought before the magistrate, bond given to appear at a future day, and upon such appearance defendant Riley applied for a change of venue, which was granted, and the case sent to A. W. Allen, J. P., Kaw township, Jackson county, Missouri. Here a hearing was had, and the accused put under bond to appear before the criminal court, as already stated.   We think the record shows Riley was "legally in custody."

The city recorder was *ex-officio* justice of the peace within the limits of the City of Kansas.   Sec. 15, art. 4, City Charter of the City of Kansas.

As such justice, he was clothed with the same power and authority to issue warrants for arrest of criminals, as other justices.   The warrants of other magistrates, in similar cases, may be executed by the arrest of the party in any part of the county ( R. S. 1879, sec. 1728 ; *State v. Randall*, 22 Mo. 480 ), and even in some cases such warrants may be effective outside the county.   Secs. 1729, 1730.

More than this, the record shows that Riley appeared before Allen, J. P., had his trial on preliminary examination and there entered into the recognizance in question.   The affidavit for change of venue was sufficient.   It was substantially as the law provides.   R. S. 1879, secs. 2039, 2040.

II.   In determining the second point raised by the demurrer, to-wit, whether or not sufficient appears "in the *scire facias*, recognizance and record" to warrant judgment and execution against these defendants, we

look to the entire record as brought up. The learned counsel for defendants contends that the record does not show that the justice of the peace transmitted the recognizance, with his docket entries, to the clerk of the criminal court, as provided by statute (R. S. 1879, sec. 1748), that the record shows absence of any recognizance, and that therefore there was no recognizance before the court upon which judgment of forfeiture could have been predicated. We will not assume that the trial court had no recognizance before it from the mere fact that such an instrument, copied in full, does not appear with the transcript, *when*, as here, the record shows, quite satisfactorily, that such an instrument was executed, was lodged in the office of the clerk of the criminal court, was present in the court below when judgment was entered, and contained, too, all the provisions necessary to warrant the judgment that was entered. We look to the entire record giving it full faith and credit, and, if sufficient appear therein to sustain the judgment below, we will not disturb it. "All proper presumptions will be indulged in favor of the judgments of the trial court, and they must appear clearly erroneous before they will be disturbed." WAGNER, J., in *State v. Rogers*, 36 Mo. 139.

"If enough appears in the record and files of the court to entitle the state to execution, any errors or omissions in the writ will be disregarded on demurrer to the writ." HOUGH, J., in *State v. Heed*, 62 Mo. 560. Or even if the recognizance is substantially defective demurrer will be overruled, if the record entire shall supply the deficiency. WAGNER, J., in *State v. Potts*, 60 Mo. 369. We have here in this record, first the docket entries of the justice of the peace, showing the commitment of the accused, with order "that he enter into a bond to the state of Missouri in the sum of five hundred dollars for his appearance before the criminal

court of Jackson county, Missouri, to answer to any indictment that may be found," etc. ; and further that said defendant gave bond in the sum of five hundred dollars for his appearance with J. S. Bishop and J. A. Frame as sureties.   The justice, further on, certifies to a deposit of all papers, etc., of the cause in the clerk's office.

In the criminal court, after the defendant Riley had been indicted, a judgment of forfeiture was entered on December 12, 1885, and defendants by writ of *scire facias* cited to appear at a future day and show cause why execution should not issue.   Within the findings and recitals of this judgment, and writ of *scire facias*, all the facts are contained necessary to warrant recovery by the state.   Besides there is full recognition of the existence of the recognizance in the demurrer filed by the defendants.   See the same quoted in the beginning of this opinion.

We conclude therefore that, as the record shows all the facts necessary, the criminal court was correct in the ruling on the demurrer.   Judgment affirmed.   All concur.