[No. 1145, January 15, 1907.]

## TERRITORY OF NEW MEXICO, Appellee, v. M. D. MINTER, Appellant.

### SYLLABUS (BY THE COURT.)

1. A recognizance which describes the alleged offense against the principal "having sold and thereby deprived the owner thereof of a horse, the same being the crime of larceny" sufficiently designates the crime of which the principal stands charged, to bind the sureties on the bond or recognizance.

2. In a complaint upon the forfeited bond or recognizance it is not necessary to aver the existence of the particular facts which prove that the officer had power to take it.

Appeal from the District Court for Chaves County, before W. H. POPE, Associate Justice. Affirmed.

W. W. GATEWOOD, B. C. BOWEN and A. L. LOVE, for Appellant.

In every bail-bond in a criminal case the offense must be described with sufficient clearness to point out unmistakably the particular crime for which the accused is required to answer; but if it have a technical name it will be sufficient to specify the offense *eo nomine*. Montgomery v. State, 33 Tex. 179; Belt v. Spaulding (Ore.) 20 Pac. 827; Tousey v. State, 8 Tex. 174; Waters v. People, 4 Colo. App. 97, 37 Pac. 56; Carmon v. Com. 96 Va. 573, 32 S. E. 33; State v. Gordon, 41 Tex. 510; Gonzales v. State, 31 Tex. 205; Tiemay v. State, 31 Tex. 40; Bennett v. State, 30 Tex. 446; Payne v. State, 30 Tex. 397, and cases cited and quoted in 5 Century Digest 2377 and 3 Enc. P. & P. 221, 223 and 225 as follows: Com. v. West, 1 Dana (Ky.) 165; Simpson v. Com., 1 Dana (Ky.) 523; State v. Ridgley, 10 La. Ann. 302; State v. Farno, 14 La. Ann. 450; Gray v. State, 43 Ala. 41; People v. Kane, 4 Denio 530; People v. Rundle, 6

Hill 506; State v. Wooten, 4 La. Ann. 515; People v. Sloper, 1 Idaho 158; Nicholson v. Georgia, 2 Ga. 363; Dailey v. State, 4 Tex. 417.

The bail bond in this case does not describe a criminal offense or set out one *eo nomine*. People v. Baughman, 18 Ill. 152; Hardin v. State (Tex.) 37 S. W. 735; State v. Cotton, 6 Texas 425; Keepler v. State, 14 Texas App. 173.

A complaint on a forfeited appearance bond which does not show that such bond was entered into before a court or officer authorized to take such bond fails to state a cause of action. State v. Davis, 43 N. H. 600; State v. Patterson, 66 Tenn. (7 Baxt.) 246; State v. Patterson, 23 Ark. 541; Hogan v. State, 23 Ark. 637; Blackman v. State, 21 Ind. 556; Myers v. State, 19 Ind. 127; United States v. Keivar, 56 Fed. 424.

In a suit on a forfeited bail bond it is essential that the bail bond shows that the principal, for whose appearance it is given, stands charged with some criminal offense known to the laws of the jurisdiction where the charge is made. Massey v. The State, 4 Tex. App. 580; Jesse Stansel et al., v. The State, 6 Tex. Court of Appeals 460; Morris v. State, 4 Tex. Court of App. 554; Cresap v. The State, 19 S. W. 995; State v. Hall, 27 Tex. 333; State v. Merrihew, 47 Ia. 112; Andress v. State, 3 Blackf. 108; Lang v. The State, Id. 344; Blackman v. State, 21 Ind. 556; Hawkins v. State, 24 Ind. 288; U. S. v. Keivar, 56 Fed. 424; Cushman v. The State, 38 Tex. 181; Ency. of Pleading and Prac. Vol. 3, p. 217, and notes; Lindley v. The State, 17 Tex. App. 120; Pearson v. The State, 7 Tex. App. 280; Hawkins v. The State, 24 Ind. 288; Hannum v. The State, 38 Ind. 32; State v. Smith, 2 Maine, 62; State v. McGrath, 31 Maine, 469; State v. Wonnell, 33 Maine 300; Griffin v. The State, 48 Ind. 258; State v. Arledge, 34 Tenn. 299; State v. Winninger, 81 Ind. 51; State v. Cox, 25 Tex. 404; Gray v. State, 5 Ark. 265; Rupert et al., v. The People, (Colo.) 38 Pac. 702; Huston v. The People, 55 Pac. Rep. 262.

W. C. REID, Attorney General, for Appellee.

Under the Compiled Laws of 1897, "to knowingly

sell the horse of another or in any manner deprive the owner of the immediate possession thereof," is a complete statement of the offense of grand larceny. 5 Cyc. p. 98; Chase v. The People, 2 Colorado, 528; State v. Merrihew, 47 Iowa 112; State v. Marshall, 21 Ia., 143; Willard, Daniels, et al., v. People, 6 Mich. 380.

The Statutes of New Mexico define larceny. Compiled Laws of 1897, Section 80.

## OPINION OF THE COURT.

MANN, J.—This cause comes up on appeal from Chaves county, from a judgment of the District Court of that county over-ruling a demurrer to appellee's complaint in an action on a forfeited recognizance, and judgment for the Territory, appellant electing to stand on his demurrer.

Only two questions are raised, namely, whether the recognizance or bond sufficiently described or set out an offense against the laws of the Territory, and whether the complaint shows a right in the officer taking and approving the bond, to do so.

The rule laid down by the great weight of authority, with reference to the form in which the bond or recognizance must recite the alleged offense of which the principal therein stands charged, is, that it must be of sufficient clearness to show of what offense he is in fact accused, but this need not be done with the technical accuracy required in an indictment. 3 Am. & Eng. Ency. of Law, 696; 5 Cyc. 547; 3 Ency. Pl. & Pr. 221; U. S. v. Dennis, 1 Bond. 105; People v. Rutan, 3 Mich. 42; Browder v. State, 9 Ala. 58; Hanna v. State, 60 Ala. 100; Foote v. Gordon, 87 Ga. 277; Adams v. State, 48 Ind. 212; State v. Gachenheimer, 30 Ind. 63; State v. Merrihew, 47 Ia. 112; Towler v. Conn, 4 T. B. Monrow (Ky.) 128; U. S. v. George, 4 Dill. 431; State v. Marshall, 21 Ia. 143; Besimer v. People, 15 Ill. 440; State v. Rogers, 36 Mo. 138.

The recital in the bond or recognizance in this case is that "Whereas the above bounden principal stands indicted with having on the 27th day of October 1901, at the County of Chaves, and Territory of New Mexico, committed the crime of having sold and thereby

deprived the owner thereof, of a horse, the same being the crime of larceny, contrary to the form of the statute in such case made and provided and against the peace and dignity of the said Territory," etc.

In U. S. v. Dennis, *supra,* the recital was that the defendant appear at the next term of the Circuit Court of the United States, "to answer to the charge of stealing from the United States mails, contrary to the statutes, etc." and the court in overruling a general demurrer to the declaration says: "But when, as in this recognizance, it is added that such stealing was contrary to the statutes, of the United States in such case made and provided, the felonious or criminal character of the act is charged with sufficient certainty."

Mr. Justice Dillion, in the case of State v. Marshall, *supra,* says: "The only question presented by the record is, whether a bail bond, otherwise in due form, is sufficient to create a liability which does not describe or designate the offense with which the principal is charged any more definitely than by the use of the word 'seduction.' The District Court held the bond sufficient. It is contended by the appellants that seduction is not a crime, but there must be a debauching as well, and the female must be of previous chaste character. This is all true, but the bail bond is not an indictment and need not contain the particulars required in an indictment."

Again in the case of Besimer v. People *supra,* the recital in recognizance was that the defendant was arrested under process issued on an indictment for adultery, and the contention on demurrer to the declaration was that adultery was not an indictable offense under the laws of the state. But the Supreme Court of Illinois in sustaining the declaration says: "A certain kind of adulterous intercourse being punishable by indictment, and the recognizance required the principal to appear and answer an indictment for adultery, it must be intended that he was charged with the statutory offense."

Section 79 of our statutes makes it a felony to knowingly sell or deprive the owner of the immediate possession of any horse, or other animal therein named and section

80 designates such crime as grand larceny, so that as-suming the rule to be as above indicated, the description of the crime was ample under the authorities cited, the crime being both sufficiently described and designated by its statutory name, either of which would have been sufficient.

It is true that there were some cases which seemed to hold that the offense must be described with particularity and the elements of the crime set out, notably the Texas cases cited by appellant. But the latter cases are founded upon a statute which provides "that the offense of which the defendant is accused be distinctly named in the bond and that it appear *therefrom* that he is accused of some offense against the laws of the state," and the U. S. case cited is also based upon this Texas statute.

There can be no doubt that the appellant in this case was sufficiently informed of the nature of the charge, against his principal, from the recital in the bond and this is all he was entitled to.

We think the complaint set out all that was necessary as to the authority of the sheriff to take and approve the bond, or recognizance. In State v. Rogers, 36 Mo. 138, the court quotes with approval the language of Bronson, C. J., in delivering the opinion of the Supreme Court of New York, as follows: "When the recognizance has a condition to do some act, for the doing of which such an obligation may be properly taken and the officer before whom it is acknowledged had authority by law in cases of that general description, I think the recognizance is valid although it does not recite the special circumstances under which it was taken; and in declaring upon such a recognizance, I do not think it necessary to aver the existence of the particular facts which prove that the officer had authority to take it."

Section 3433 Compiled Laws makes it the duty of the court, upon indictment being found, in bailable cases to fix bail and to have the amount endorsed on the warrant which authorizes the arresting officer to take and approve a bond of recognizance in that amount. It will be presumed in the absence of a showing to the contrary that

this was done and the affirmative fact need not appear in the complaint.

There was no error in the judgment of the court below, and it is affirmed.

### SYLLABUS (BY THE COURT.)