PATTERSON *v.* THE STATE on the relation of NEFF.

Complaint averring that *M.* and *P.*, on, &c., at *Greene* county, executed before *C.*, a justice of the peace, a recognizance, in the sum of 100 dollars, conditioned that *M.* should appear before said justice, at his office in said county, on, &c., to answer to "a charge of obtaining money by false pretense," and

abide, &c.; that, by mistake, the venue of the recognizance was laid in *Sullivan* county, but that it sufficiently appeared from the papers that the obligation was for appearance in *Greene* county, which defendant well knew; that on, &c., the justice caused *M.* to be three times called, but he made default; that he caused *P.* to be called, who failed, &c.; and thereupon judgment of forfeiture was rendered, &c., which judgment is still in force, &c. Answers were filed, to which demurrers were sustained, and no exception taken.

*Held*, 1. That the case stands as if no objection had been made to the sufficiency of the complaint in the Court below.

2. That the complaint is sufficient to bar another suit for the same cause of action.

3. That the recital in the recognizance, of the offense charged, was sufficient.

4. That §§ 12, 13, 14, 2 R. S. p. 499, and § 49, *id.* p. 366, construed together, mean that a recognizance, to operate as a lien on lands, must be certified and recorded, &c.; but that it may be the foundation of an action, without having been so certified and recorded; that the action is in the nature of an action of debt, and is brought upon the recognizance as upon any other contract.

*May Term,*
*1859.*

PATTERSON
v.
THE STATE.

APPEAL from the *Greene* Circuit Court.

HANNA, J.—The complaint avers that one *McAlister* and *Patterson*, on, &c., at said county of *Greene*, executed, &c., before one *Cushman*, a justice, &c., a recognizance, &c., in the sum of 100 dollars, &c., conditioned that said *McAlister* should appear before the said justice, &c., at his office in said county, on, &c., to answer "a charge of obtaining money by false pretense," and abide, &c.; that, by mistake, the venue of said recognizance was laid in *Sullivan* county, but that it sufficiently appears from the papers, &c., that said obligation was for the appearance in *Greene* county, which was by the defendant well known; and that on, &c., the justice caused the said *McAlister* to be three times called, but he made default; that he then caused *Patterson* to be called, &c., who failed, &c., and thereupon a judgment of forfeiture was rendered by said justice, &c., all of which appears, &c.; that said judgment of forfeiture is still in force, &c.; wherefore, &c.

Answers were filed, to which demurrers were sustained, but no exception was taken. Judgment for the appellee.

No exceptions having been taken to any rulings of the Court below, upon demurrers to pleadings, the only questions now presented for our consideration are those at-

*Wednesday,*
*May 25.*

tempted to be raised as to the sufficiency of the complaint and judgment, wherefore the complaint is thus substantially set forth.

We must treat this case as if no objection was made, in the Court below, to the sufficiency of the complaint. In that view of the question, we are of opinion that the complaint is sufficient to bar another suit for the same cause of action.

But it is assigned for error, and urged in argument, that the recognizance, which was the foundation of the suit, and made a part of the complaint, was void, because it provided that *McAlister* should be forthcoming "to answer a charge of obtaining money under a false pretense;" that the language used does not import an indictable offense, and, therefore, the material statements necessary, under the statute, to make out such offense, should have been embodied in the recognizance—such as, that the money was designedly obtained under false pretenses, with intent to defraud another, &c. If this reasoning is correct, the facts and circumstances, including the false pretenses used, would have to be set forth with as much particularity in a recognizance, as in an indictment. We are of opinion that any omission of recital, in the recognizance, is cured by § 49, 2 R. S. p. 366, which is as follows: "No action upon a recognizance may be defeated for any defect of form, or any omission of recital, condition, or undertaking therein, or neglect of the clerk to indorse or record it; but the recognizors are bound," &c. Even without this statute, it appears the recital would have been sufficient. *The State* v. *Hamer*, 2 Ind. R. 371.

It is insisted that, as the complaint does not aver that there was a continuance, as provided under § 14, 2 R. S. p. 499; nor that the justice indorsed on the recognizance that it was forfeited and filed with the clerk, &c., as provided in § 15, *id.;* it is, therefore, so insufficient that the judgment should be reversed.

We think that §§ 12, 13, 14, 15, p. 499, and § 49, p. 366, 2 R. S. when construed together, mean, that a recognizance, to operate as a lien on lands, must be certified and record-

ed, &c.; but that it may be the foundation of an action, <span style="float:right">May Term,<br>**1859.**</span> without having been so certified and recorded. Perhaps, under the former practice, a *sci. fa.* could not have issued from the Circuit Court until the recognizance had been recorded; but this is an action, in the nature of an action of debt, on the recognizance, as on any other contract.

As to the point raised on the question of continuance, it has been already settled in the case of *The State* v. *Inman,* 7 Blackf. 225.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*D. M'Donald* and *A. G. Porter,* for the appellant.

*H. C. Newcomb* and *J. S. Tarkington,* for the state.