May Term,
1859.

VOTAW
v.
THE STATE.

---·•◦•·---

VOTAW *v.* THE STATE.

In an action upon a forfeited recognizance, a copy of the recognizance must be filed with the complaint, and a forfeiture is necessary to the maintenance of the suit; but the statute (§ 78, 2 R. S. p. 44) does not require that the minutes of the Court showing the forfeiture, nor a copy thereof, should be filed with the complaint. The recognizance is a written instrument, within the meaning of the statute, while the judgment of forfeiture thereof is not.

Complaint upon a forfeited recognizance. The substance of the second paragraph of the answer was, that the amount of the bail was not specified in, nor indorsed upon, the warrant of commitment. It did not deny that the amount had been fixed by the proper authority. Reply, showing that the amount of bail had been fixed by the order of the Court.

*Held,* 1. That the reply was good if the answer was good; that if the answer was good, it was because it is to be inferred from it that the amount of bail had not been fixed by competent authority; and the reply meets that inference.

2. That if it could not be inferred from the facts set up in the answer, that the amount of bail had not been fixed by competent authority, then the facts were wholly immaterial, and an issue upon them would have been immaterial.

3. That it is not error to refuse to reject a reply to an immaterial answer, although the reply may not be responsive to it.

4. Where the amount of bail has been properly fixed, a recognizance is not void because the amount is not indorsed upon the warrant of commitment.

If in an action upon a forfeited recognizance, the answer admits the execution of the recognizance, its admission in evidence is not an error of which the defendant can complain.

Action upon a forfeited recognizance. The state offered in evidence the following order made by the Court at the time the indictment was found: "Ordered, that on all bills of indictment returned by the grand jury at the pre-

sent term of this Court for perjury, the defendant is required to enter into recognizance in the sum of 500 dollars, with surety in the like sum; for 'passingn' of counterfeit apparatus, in the sum of 1,000 dollars, with surety in the like sum; for aiding in the possession of counterfeiting apparatus, forgery, and grand larceny, all in the sum of 500 dollars," &c. Parol testimony was offered to show that "passingn" was intended for the word "possession," and the record was amended accordingly. Parol testimony was received that the order was intended to embrace the cause in which the recognizance was taken.

*Held*, 1. That the order was sufficient to sustain a finding against the defendant, independently of the parol testimony.

2. That the order was made in compliance with § 30, 2 R. S. p. 356, and sufficiently fixes the amount of bail in the present case.

3. That the words "passingn of counterfeit apparatus," sufficiently indicated the crime for which the indictment was found, and authorized the sheriff to take the recognizance; and the recognizance having been taken subsequently to the making of the order, no proof was necessary to show that the particular case was intended to be embraced in the order. WORDEN, J., dissented.

APPEAL from the *Jay* Circuit Court.

WORDEN, J.—Complaint by the state against *Votaw*, on a recognizance entered into by him and one *Asher R. Bowman*, on the 18th of *April*, 1856, conditioned for the appearance of *Bowman* before the *Jay* Circuit Court, at the next term thereof, to answer an indictment for having counterfeiting apparatus in his possession. The complaint avers that the condition of the recognizance was forfeited in this, that said *Asher R. Bowman* did not appear, &c., to answer said charge at the time aforesaid, but was wholly in default, although he was by the sheriff, &c., three times audibly called at the court-house, to appear in discharge of his recognizance, as was also the said *Quinby B. Votaw* called by said sheriff, and required to bring the body of said *Bowman* in discharge, &c., all which they refused to do, as appears of record, wherefore, &c. A copy of the recognizance is filed with the complaint, but no copy of the entry on the order book of the Court showing the default, is filed.

*Votaw* answered—

1. That at the time of entering into the recognizance, the *Jay* Circuit Court had not made an order fixing the amount in which said *Bowman* was to be held to bail on said indictment for having counterfeiting apparatus in his

possession; nor had the clerk indorsed any amount of bail on the warrant, by which *Bowman* was arrested, as having been ordered by said Court; nor had any judge of a Circuit Court, or Court of Common Pleas indorsed any amount of bail to be required of said *Bowman,* nor had the clerk fixed any amount of bail, or indorsed any amount of bail on said warrant; by reason whereof, the sheriff had no authority to take the recognizance; wherefore, &c.

2. That at the time of the making of the recognizance, *Bowman* had been and was committed to the jail of the county for want of bail, and the amount of bail was not specified in the warrant of commitment, nor indorsed thereon; wherefore the sheriff had no authority, &c.

3. That no record or copy thereof, showing that *Bowman* did not appear according to the condition of the recognizance, is filed with the complaint.

4. That *Bowman* did appear according to the condition of the recognizance, &c.

To the first paragraph of the answer the plaintiff replied in denial, averring that during the spring term, 1856, of the *Jay* Circuit Court, and while it was in session, *Bowman* was arrested by the sheriff under the authority of a bench warrant issued from said Court, and brought before the Court, and that the Court, in his presence, ordered and directed that he enter into a recognizance in the sum of 1,000 dollars, with surety in the like sum, and that in default thereof he be committed to the jail, &c.; that for want of bail *Bowman* was committed, and that afterwards, to-wit, on, &c., the sheriff, by virtue of the authority aforesaid, took and received the recognizance, &c.

Reply to the second paragraph, that the sheriff was legally authorized to take the recognizance, and did take the same, under the authority and order of the *Jay* Circuit Court, made in open Court, in the presence of *Bowman* and his counsel, as is particularly set forth in the preceding replication; wherefore, &c.

A motion was made and overruled, to strike out the replications, severally, to the first and second paragraphs of the answer, on the ground that they were not responsive

to the parts of the answer to which they profess to reply, and were not replies thereto.

A demurrer was sustained to the third paragraph, and issue taken on the fourth.

The cause was tried by the Court, and there was a finding and judgment for the plaintiff, a motion for a new trial being overruled.

The first error assigned is the ruling of the Court on the demurrer to the third paragraph of the answer.

It is insisted that the complaint is defective in not setting out or containing a copy of the order of the Court showing the recognizance to have been forfeited. Section 78 of the code is relied upon to sustain this position. That section provides that "When any pleading is founded on a written instrument or on account, the original or a copy thereof, must be filed with the pleading."

The action is founded on the recognizance (a copy of which is filed), and although a forfeiture is necessary to the maintenance of the suit, yet the section above quoted does not, in our opinion, require that the minutes of the Court showing the forfeiture, nor a copy thereof, should be filed with the pleading. The recognizance is, while the judgment of forfeiture thereof is not, "a written instrument," within the meaning of the statute.

The second error assigned is, that the Court erred in overruling the motion to set aside the replications to the first and second paragraphs of the answer.

The point is abandoned as to the reply to the first paragraph, but insisted on as to the other. It is insisted that the reply to the second paragraph of the answer, is not "responsive" to it, and should, therefore, have been rejected. We think there was no error in the ruling of the Court in this respect.

The second paragraph of the answer set up a state of facts that perhaps would be *prima facie* a good defense, though this point is doubtful. The substance of this paragraph is, that the amount of bail was not specified in, nor indorsed upon, the warrant of commitment. The paragraph does not deny that the amount of bail had been fixed

May Term, 1859.

VOTAW
v.
THE STATE.

by the proper authority, although it was not specified in, nor indorsed upon, the warrant of commitment. Where the amount of bail has been properly fixed, a recognizance is not void because the amount is not indorsed upon the warrant. *Trimble* v. *The State*, 3 Ind. R. 151. If the answer in question is good, it is because it is to be inferred from what is therein stated, that the amount of bail had not been properly fixed by competent authority. The replication meets that inference, and shows that the amount of bail had been fixed by the order of the Court, and we think it is a proper reply, and good if the answer be good.

If it cannot be inferred from the facts set up in the answer, that the amount of bail had not been fixed by competent authority, then the facts set up are wholly immaterial, and had an issue been directly taken thereon, it would have been an immaterial issue. It is not error, in our opinion, to refuse to reject a replication to an immaterial answer, although the replication may not be responsive to it. Of this ruling the appellant cannot complain, as it did him no harm, and did not, in any manner, affect his legal rights.

On the trial, the state offered and gave in evidence the recognizance in question, which was objected to as being irrelevant to the issues. It may not have been at all necessary to offer the recognizance in evidence, as the answer did not deny the execution of the same, but this did not prejudice the rights of the defendants. If the execution of the recognizance was admitted by the answer of the defendant, it is difficult to see how his rights were, in this manner, injuriously affected. It was only proving what was already admitted by the pleadings, and the admission of the evidence was not an error of which the appellant can complain.

The remaining errors relate to the ruling of the Court upon objections to the introduction of testimony, and on a motion for a new trial.

The state offered in evidence the following order made by the Court, at the term at which the indictment was found, and entered on the order book of the Court, viz.:

" Ordered, that on all bills of indictment returned by the grand jury at the present term of this Court for perjury, the defendant is required to enter into recognizance in the sum of 500 dollars, with surety in the like sum; for 'passingn' of counterfeit apparatus, in the sum of 1,000 dollars, with surety in the like sum; for aiding in the possession of counterfeiting apparatus, forgery, and grand larceny, all in the sum of 500 dollars, each with surety in the like sum; for petit larceny, in the sum of 200 dollars, with surety in the like sum; and for obtaining goods by false pretenses, in the sum of 300 dollars, with surety in the like sum; and in all others, in the sum of 500 dollars."

There was some parol testimony offered and received, showing that the word "passingn" was intended for "possession," and the record was amended accordingly. There was also parol testimony offered and received, showing that the general order above set out was intended to embrace the case in question.

We shall not discuss the propriety of receiving the parol testimony, as it is the opinion of a majority of the Court, that the order above set out was sufficient to sustain the finding of the Court, independently of the parol testimony. The order was made in compliance with § 30, 2 R. S. p. 356, and sufficiently fixes the amount of bail in the present case.

A majority of the Court are of opinion that the words "passingn of counterfeit apparatus" sufficiently indicate and point out the crime for which *Bowman* was indicted, to authorize the sheriff to take the recognizance in question. And the recognizance having been taken subsequently to the order being made, no proof was necessary to show that the particular case was intended to be embraced in the order.

The writer hereof is of opinion that the language employed in the order, viz.: "passingn of counterfeit apparatus," even were it to be read "possession of counterfeit apparatus," is too vague and indefinite to indicate any crime known to the law; and hence, that the sheriff had

no authority to take the recognizance; but the majority of the Court think otherwise.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Smith*, for the appellant.