GACHENHEIMER and Another v. THE STATE.

| 28 | 91 |
| 159 | 588 |

FORFEITED RECOGNIZANCE.—SUIT ON.—The object in requiring the justice of the peace who takes a recognizance under section 14 of the justice's act, in case of a forfeiture, to indorse a certificate of forfeiture and file the same in the clerk's office, is to give a lien on the lands of the obligors.

SAME.—The right of action is complete when the recognizance is forfeited without such filing.

SAME.—PLEADING.—Where in a suit upon such a recognizance, a transcript of the proceedings before the justice was filed with the complaint, showing an affidavit charging a felony, a warrant issued thereon, the arrest of the defendant and the giving of the recognizance for the appearance of the defendant at a future day, it was held to be sufficiently shown that the justice had jurisdiction.

SAME.—EVIDENCE.—On the trial, the transcript of the proceedings of the justice was not given in evidence, and it was held that as the authority of the justice to take the recognizance was not shown, there could be no recovery by the State.

APPEAL from the *Vanderburgh* Common Pleas.

ELLIOTT, C. J.—Suit by the State against *Gachenheimer* and *Blount*, on a forfeited recognizance taken by a justice of the peace.

The amended complaint alleges that on the 27th of *September*, 1865, *Gachenheimer* was confined in the jail of the county by virtue of a mittimus issued by a justice of the peace, upon a charge of obtaining goods by false pretenses; that in order to procure his release from prison he was taken before the justice, and, with the defendant *Blount*,

executed the bond in suit, in the penal sum of $1,200. A copy of the bond, or recognizance, is filed with and made a part of the complaint, and is as follows: "We, *Jacob Gachenheimer* and *Henry F. Blount*, severally acknowledge ourselves bound unto the State of *Indiana*, in the penal sum of twelve hundred dollars each, if the said *Jacob Gachenheimer* shall not appear at the office of *James T. Walker*, a justice of the peace of *Pigeon* township, *Vanderburgh* county, and State of *Indiana*, on the 3d day of *October*, 1865, at 2 o'clock in the afternoon, to answer the charge of obtaining goods by false pretenses, at the county of *Vanderburgh*, and State of *Indiana*, and abide by the judgment of said court.

(Signed,)          JACOB GACHENHEIMER, [Seal.]
                   HENRY F. BLOUNT.      [Seal.]

"Taken and approved by me, this 27th day of *September*, 1865.          JAMES F. WALKER, Justice."

The complaint further alleges that *Gachenheimer* failed to appear before the justice according to the condition of said recognizance; that thereupon the justice declared the same forfeited; and that on the 11th day of *January*, 1867, (after the commencement of the suit,) said justice indorsed a certificate of said forfeiture upon the recognizance, and filed the same with the clerk of the *Vanderburgh* Circuit Court, who then and there duly recorded the same. A copy of said certificate and a certified transcript of the proceedings before the justice are made a part of the complaint. It appears by the transcript that an affidavit was filed before the justice, charging *Gachenheimer* with having obtained goods by false pretenses; that the justice thereupon issued a warrant for his arrest upon said charge; that he was arrested and brought before the justice, when the cause was continued until the 3d day of *October* then following, and the defendant required to enter into a recognizance, with surety, in the sum of $1,200, for his appearance at the time and place of trial, and that the recognizance in suit was given in pursuance of said order; that *Gachenheimer* failed to appear, and the recognizance was duly declared to be forfeited.

The defendants filed a motion in writing to dismiss the action, on the ground that it appeared by the complaint that it was prematurely brought, which the court overruled. A demurrer to the complaint for want of sufficient facts to constitute a cause of action was then filed, and overruled; when the defendants filed an answer in abatement, alleging that the suit was commenced before any right of action had accrued to the State; to which the court sustained a demurrer. Proper exceptions were taken to all these rulings.

The defendants then filed an answer of four paragraphs: 1. General denial. 2. That the justice had no authority to take the bond, as no affidavit or accusation was ever filed before him charging any crime against *Gachenheimer*. 3. Alleging that the only charge ever preferred against *Gachenheimer*, as a foundation for the pretended prosecution, was an affidavit charging that *Gachenheimer*, for the purpose of obtaining certain goods, falsely and fraudulently pretended that a certain tract of land, which he then and there conveyed by deed of general warranty to the prosecutor, one *Weis*, was free of incumbrances, except as to a recorded mortgage for $300, whereas there was another duly recorded mortgage upon the same for $1,200, and that the affidavit was lost. 4. That the bond or recognizance is void, because the affidavit, which was the foundation of the prosecution in which it was taken, charges no crime.

Demurrers were sustained to the second, third and fourth paragraphs. The issue made by the general denial was tried by the court, which resulted in a finding for the State. Motion for a new trial overruled, and judgment for the amount of the recognizance. The defendants appeal.

It is insisted by the appellants that the making of the recognizance and the forfeiture thereof did not constitute a right of action until a certificate of the forfeiture was indorsed by the justice on the recognizance; and the recognizance, so indorsed, filed and recorded in the clerk's office, which was not done prior to the commencement of the suit,

and therefore that the suit was prematurely brought, as no cause of action existed at the time of its commencement.

The recognizance was taken under section 14 of the justice's act. 2 G. & H. 639. The next succeeding section, (15) provides that, " on the forfeiture of any recognizance taken by virtue of the last preceding section, the justice shall indorse thereon his certificate, stating, in substance, that such prisoner did not appear in discharge of such recognizance, and abide by the judgment of the court; and shall forthwith file such recognizance, so indorsed, with the clerk of the Circuit Court, if the offense charged was a felony, or with the clerk of the Court of Common Pleas, if the offense charged was a misdemeanor; and such clerk shall forthwith record, in the order book of his court, such recognizance and certificate of forfeiture, and note the same on the judgment docket, and such record shall have the same force and effect as other recognizances; and such certificate, or the record thereof, shall be presumptive evidence of the forfeiture of such recognizance." The force and effect intended to be given to the record of such a recognizance, and the certificate of forfeiture, is found in the 12th section of the same act, which, in reference to recognizances taken by a justice of the peace for the appearance of a party accused before the Circuit or Common Pleas Court, to answer to a criminal charge, provides that such recognizance, together with a transcript of the proceedings and all papers in the case, shall be forthwith filed by the justice with the clerk of the Circuit or Common Pleas Court, who shall docket such cause for trial, and record such recognizance forthwith on the order book of such court, and enter the same on the judgment docket; and from the date of such entry, it shall operate as a lien upon all lands of the parties thereto in the county; and any judgment afterwards had upon it shall have relation back to the date of such entry. Construing these sections together, it seems obvious that the object in requiring the justice to indorse a certificate of the forfeiture on a recog-

nizance taken under the 14th section, and the filing and re-
cording of the recognizance and certificate in the clerk's
office of the proper court, and the entry thereof on the
judgment docket, is to make it operate as a lien upon the
lands of the parties thereto, and not to perfect it as a valid
cause of action. The action, under the statute, is brought
on the recognizance, alleging a forfeiture thereof. It is the
recognizance and its forfeiture that gives the right of action,
and not the fact that it is recorded. The right of action is
complete when the recognizance is forfeited. It was so held
in *Patterson* v. *The State*, 12 Ind. 86, to which we adhere.

Another objection to the complaint is, that it does not
allege that any affidavit had been filed before the justice to
give him jurisdiction of the case, and to authorize him to take
the recognizance. The justice's transcript, which is made
a part of the complaint, shows that an affidavit was filed
charging *Gachenheimer* with having obtained goods by false
pretenses; that he was arrested on a warrant issued by the
justice, and brought before him on said charge, and that
the recognizance was entered into for his appearance on a
subsequent day for trial. These facts are sufficient to show
that the justice had jurisdiction.

The matters set up in the second, third, and fourth para-
graphs of the answer, so far as they are material, would
necessarily arise, or might be given in evidence, under the
general denial. They might have been stricken out on
motion; and if the court erred in sustaining the demurrers
to them, it was a harmless error, and cannot reverse the
judgment.

The refusal of the court to grant a new trial, because the
finding was contrary to the evidence, remains to be noticed.
A bill of exceptions contains all the evidence given in the
case. It consisted simply of the original recognizance and
the justice's certificate of forfeiture indorsed thereon, and
the record of said recognizance and certificate in the Cir-
cuit Court. The recognizance contains no recital that an
affidavit had been filed before the justice charging *Gachen-*

*heimer* with a criminal offense, or that he had been appre-
hended and brought before the justice on such a charge.
The justice's transcript, though filed with the complaint,
was not given in evidence.

In *Hawkins* v. *The State*, 24 Ind. 288, we held that in a
suit upon a forfeited recognizance taken by a justice of the
peace, for the appearance of the accused to answer a
charge of felony in the Circuit Court, the facts showing the
authority of the justice to take the recognizance must be
shown on the trial. In the case now under consideration,
the evidence given to the court does not show that the jus-
tice had acquired jurisdiction of the case, in any manner,
under the statute, so as to authorize him to take the recog-
nizance, and the finding should therefore have been for the
defendants, and the court erred in overruling the motion
for a new trial.

The judgment is reversed, and the cause remanded for a
new trial.

*A. Iglehart*, for appellants.

*D. E. Williamson*, Attorney General, and *W. P. Hargrave*,
for the State.