THE STATE *v.* GACHENHEIMER and Another.

JUSTICE OF THE PEACE.—*Jurisdiction —Recognizance.*—A justice of the peace has jurisdiction to take a recognizance for the appearance of a prisoner at a future time, to answer a general charge of an offense, so defectively stated in its details that the prisoner might well have objected to the sufficiency of the affidavit.

SAME.—*Evidence.*—The proceedings of a court of inferior and limited jurisdiction cannot be recognized as valid, unless the facts necessary to give jurisdiction in the particular case are affirmatively shown to exist; and the taking of a recognizance by a justice of the peace is within this rule.

APPEAL from the Vanderburgh Common Pleas.

FRAZER, J.—This was a suit upon a forfeited recognizance taken by a justice of the peace, conditioned for the appearance of Gachenheimer before the justice on a subsequent day, "to answer the charge of obtaining goods under false pretenses." There was an answer of general denial. The issue was found for the defendants, and the case is here solely on the evidence. The affidavit filed before the justice was defective. Gachenheimer was, however, arrested and brought before the justice upon a warrant. Upon his application the hearing was continued, to enable him to procure absent testimony, and the recognizance was taken for his appearance at the time thus fixed for the hearing.

The question is whether the justice had jurisdiction to take the recognizance. For the appellee it is argued that a sufficient affidavit was necessary to confer that jurisdiction. The jurisdiction of justices in such cases is wholly derived

from the statute. It is enacted that " any justice shall, on complaint made on oath before him, charging any person with the commission of any crime or misdemeanor, issue his warrant," &c.   2 G. & H. 636.

When the proceeding is attacked collaterally, as in this case, all reasonable intendments, and as large a latitude of construction as can be deemed fair, will be indulged to support the jurisdiction; and, accordingly, in such cases as this, a distinction is taken by the authorities between a general charge of an offense defectively stated, and no charge of any offense. If there is a colorable charge, though defective, then the jurisdiction exists—there is something to put the judicial mind in motion. It would be a most mischievous doctrine that, for a mere defect in the affidavit upon which a warrant issues, there is no jurisdiction, thus exposing the justice to liability for false imprisonment in every such case. That most useful and necessary court would cease, for the reason that no citizen could be found willing to incur the hazards incident to the office.

As we understand the evidence, the affidavit did charge generally that Gachenheimer had " obtained property, or goods, or promissory notes, from one Weis, by false pretenses." The false pretenses specifically charged were, however, so defectively stated that the prisoner might well have objected to the sufficiency of the affidavit. The paper itself was lost, and its contents were proved orally, though its exact form was not given by any witness. The effect of the evidence concerning it is as we have stated it. This brings the case within the rule already announced. There was an offense charged, but not sufficiently stated in its details, and the justice, therefore, had jurisdiction to inquire and take the recognizance. It follows that a new trial should have been awarded.

The nature of the appellant's argument justifies here some consideration of another question which was considered and decided when this case was formerly here. We then held the evidence insufficient to sustain a verdict for the plaintiff,

because there was no proof of the facts necessary to give the justice jurisdiction. *Gachenheimer* v. *The State,* 28 Ind. 91. The appellant now earnestly questions the correctness of that decision, and calls upon us to review it. In *Hawkins* v. *The State,* 24 Ind. 288, we had held the same doctrine. Indeed, we regarded it as too familiar a proposition to justify discussion, that the proceedings of a court of inferior and limited jurisdiction cannot be recognized as valid, unless the facts necessary to give the jurisdiction in the particular case are affirmatively shown to exist, and that a recognizance, a debt of record, taken by a justice of the peace is within the rule. It was so held in *Bridge* v. *Ford,* 4 Mass. 641, and *Commonwealth* v. *Downey,* 9 Mass. 520. So, also, in *The People* v. *Koeber,* 7 Hill, 39; *The People* v. *Young, id.* 44; and *The State* v. *Smith,* 2 Greenl. 62. In these cases the very question was distinctly presented and decided, and nothing in the law is more fully recognized by innumerable dicta everywhere than this doctrine, and its application to this precise class of cases. But in *The People* v. *Kane,* 4 Denio, 530, the cases in Hill were overruled, against the dissent of one of the judges, whose opinion, then delivered, is so fortified by reason and authority, that it is surprising that any judge ventured to put himself upon the other side of the question. It was, however, done by the Chief Justice, who found no reported case to support his views, and summarily put aside all authority by saying that the point was not necessary to be decided in the Massachusetts and Maine cases, and that the cases in Hill gave too much importance to what he chose to term the "dicta" of the other cases mentioned. We cannot adopt so easy a method of disposing of cases exactly in point. Nor was the reasoning of the Chief Justice so conclusive as, in our opinion, to justify this disregard of the adjudged cases. A distinction was taken between cases where a burden is attempted to be fastened on a party *in invitum,* and where that burden is voluntarily assumed. It

Vol. XXX.—5

was taken for granted, without argument, that a recognizance is voluntarily given without any order of the magistrate requiring it, and, of course, without any impending imprisonment to constrain it. An innovation, in the face of all pre-existing authority, and supported by reasoning so much exposed to just criticism, may not be adopted with safety to the just rights of the citizen.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*D. E. Williamson*, Attorney General, *W. P. Hargrave*, and *J. G. Jones*, for the State.

*A. Iglehart*, for appellees.