## HANNUM ET AL. *v.* THE STATE.

RECOGNIZANCE.—*Jurisdiction.*—In a suit upon a recognizance taken before a justice of the peace, for a recovery of the penalty, it must be shown by the complaint that the justice had jurisdiction to take the recognizance.

SAME.—*Forfeiture.*—In such case, it must be averred that there has been a forfeiture.

SAME.—*Justice of the Peace.*—*Office.*—*Change of.*—A justice of the peace must have an office, where parties, witnesses, and sureties must appear; and on changing his office, notice should be given to persons who have been required to appear at his former office; and where this was not done, a forfeiture declared for failure of the parties to appear at his new location, they having appeared at his former office at the proper time, was held void.

EVIDENCE.—*Agreed Statement of Facts.*—*Presumptions.*—Where a cause is submitted for trial on an agreed statement of facts, no presumptions will be indulged on appeal in favor of the finding of the court.

APPEAL from the Carroll Circuit Court.

BUSKIRK, J.—Suit by the State of Indiana against Eli Kessler, Joseph Breen, and the appellants, Hannum and Dewey.

The complaint states, that, on the 21st day of September, 1869, Kessler, Breen, and the appellants executed their certain writing obligatory to the State of Indiana, a copy of which was filed with the complaint, by which they acknowl-

edged themselves to be indebted to the State in the sum of six hundred dollars, on the following conditions: That if the said Kessler and Breen should be and appear before one David P. Helser, a justice of the peace in and for said county, at his office in Delphi, on the 25th day of September, 1869, at the hour of ten o'clock in the forenoon, to answer a charge of grand larceny, and not depart therefrom without leave, then said obligation should be void, else to remain in full force; that the said Kessler and Breen did not appear at the time and place stated, but wholly made default; wherefore the plaintiff demands judgment.

An exhibit filed with the complaint is a copy of the bond sued on, in which the said Kessler, Breen, and the appellants, Hannum and Dewey, acknowledge themselves to be indebted to the State of Indiana in the sum of six hundred dollars each, on the following conditions: That whereas, the said Kessler and Breen had been arrested on a warrant issued by D. P. Helser, a justice of the peace in and for said county, on the charge of grand larceny, and the examination of said cause having been continued to September 25th, 1869, at 10 o'clock A. M., if the said Kessler and Breen should be and appear at said time, etc., then said bond should be void, etc.

There was a return of "not found" as to the defendants Kessler and Breen.

The appellants, Hannum and Dewey, filed an answer, which was a general denial of each and every allegation in the complaint.

Trial by the court and finding for the plaintiff in the sum of six hundred dollars. Motion by appellants for a new trial for the following reasons: First, the court erred in overruling the appellants' demurrer to the complaint; second, the finding and decision of the court were contrary to law; third, the finding and decision of the court were not sustained by sufficient evidence; fourth, the finding and decision of the court were unsupported by the evidence.

Motion for new trial was overruled, and the appellants excepted to such ruling of the court.

Motion by the appellants in arrest of judgment, which motion was overruled by the court, to which the appellants excepted.

Judgment on the finding, and appeal by Hannum and Dewey to the Supreme Court.

On the same day, the appellants filed their bill of exceptions, containing all the evidence, by which it appears from an agreed statement of the facts given in evidence, that on the 21st day of September, 1869, at the office of one D. P. Helser, a justice of the peace in Deer Creek township, in said county, the defendants, Kessler and Breen, as principals, and the appellants, Hannum and Dewey, as sureties, executed the following writing obligatory to the State of Indiana, to wit:

"We, Eli Kessler, Joseph Breen, J. C. Hannum, and Henry S. Dewey, of the county of Carroll and State of Indiana, are held and firmly bound unto the State of Indiana in the penal sum of six hundred dollars each, for the payment of which we bind ourselves, executors, and administrators. Sealed and signed this 21st day of September, 1869.

"The condition of the above obligation is such that, whereas the above bound Eli Kessler and Joseph Breen have been arrested on a warrant issued by D. P. Helser, J. P., in said county, on the charge of grand larceny, and the examination of said cause is continued to September 25th, 1869, at ten o'clock, A. M. Now, if the said Kessler and Breen shall be and appear before the said justice at said time of examination, and not depart therefrom without leave, then this bond shall be void, else to remain in full force and virtue in law.

[Signed]            "E. KESSLER,        [Seal]
                     his
                "JOSEPH + BREEN,     [Seal]
                     mark.
                "J. C. HANNUM,      [Seal]
                "HENRY DEWEY."       [Seal]

Hannum *et al. v.* The State.

That on said 25th day of September, 1869, before the hour set for trial, to wit, before the hour of ten o'clock, A. M., the said justice of the peace left his office and repaired to the office of the mayor of the city of Delphi; the office of said mayor not being the office of said justice of the peace, nor the place where the justice before that time usually transacted his official business; that no notice was given to the defendants, or either of them, at the time said writing obligatory was executed, or at any time thereafter, that such change would be made, and the fact of such change was to each of the defendants at said times unknown; that the defendants, Hannum and Dewey, were present at the office of said justice of the peace at the time set for trial, as by the conditions of their bond required; that at said office of said mayor, at the hour fixed for the trial, said justice caused the marshal of said city to call said Kessler and Breen each three times; and also to call each of the defendants, Hannum and Dewey, three times, but did not request or require them to bring before said justice the bodies of said Kessler and Breen and save their recognizance; that said defendants did not answer and were not present at the office of said mayor when their names were thus called, and that the defendants, Hannum and Dewey, being at the office of said justice, did not, and could not hear their names called by the marshal at the office of the mayor.

The appellants have assigned the following errors: First, that the court erred in overruling the motion of the appellants for a new trial; second, that the court erred in finding for plaintiff; third, that the court erred in overruling motion in arrest of judgment; fourth, that the complaint does not state facts sufficient to constitute a cause of action.

The second assignment of error presents no question for our decision, it being embraced in the first error assigned. The failure of the appellants to demur to the complaint in the court below does not deprive them of the right of assigning for error in this court, that the complaint does not

contain facts sufficient to constitute a cause of action. Section 54, 2 G. & H. 81, provides that certain defects in a complaint are waived by a failure to demur; but also expressly excepts the objection "that the complaint does not state facts sufficient to constitute a cause of action." This is now settled by numerous decisions of this court. *Bolster* v. *Catterlin*, 10 Ind. 117; *Blacklege* v. *Benedick*, 12 Ind. 389; *Ellis* v. *Miller*, 9 Ind. 210; *Board of Comm'rs of Miami Co.* v. *Hochstetter*, 26 Ind. 47; *Livesey* v. *Livesey*, 30 Ind. 398.

A very carefully prepared brief has been filed by the counsel for appellants, in which several objections involving the validity of the judgment below are discussed with clearness and force. The questions discussed arise under all three of the errors assigned; we shall therefore consider the objections without reference to the order in which they are presented.

The first objection urged is, that it is not averred in the complaint, and was not shown upon the trial, that any affidavit was ever filed before the justice of the peace charging Kessler and Breen with having been guilty of any crime. There was no certified transcript of the justice of the peace filed with the complaint or read in evidence. It was said by this court in the case of *The State* v. *Gachenheimer*, 30 Ind. 63, "Indeed, we regarded it as too familiar a proposition to justify discussion, that the proceedings of a court of inferior and limited jurisdiction cannot be recognized as valid, unless the facts necessary to give the jurisdiction in the particular case are affirmatively shown to exist, and that a recognizance, a debt of record, taken by a justice of the peace is within the rule." See the same case reported in 28 Ind. 91. *Hawkins* v. *The State, ex rel. Read*, 24 Ind. 288; *Bridge* v. *Ford*, 4 Mass. 641; *Commonwealth* v. *Downey*, 9 Mass. 520.

There is nothing appearing in the record to show that the justice had acquired any jurisdiction of the case; and therefore he had no power to take the recognizance. The objection is well taken.

Hannum *et al. v.* The State.

The next objection urged is, that it does not appear in the record that the recognizance was forfeited and that such forfeiture was noted or entered of record on the docket of the justice. The forfeiture of the recognizance should be declared by the justice and should be certified on the back of the recognizance as required by section 15 of the justices' act, 2 G. & H. 639; sec. 47, 2 G. & H. 398; *Patterson* v. *The State, ex rel. Neff,* 12 Ind. 86; *Kiser* v. *The State,* 13 Ind. 80; *Gachenheimer* v. *The State,* 28 Ind. 91.

In the case last cited, this court say: "The action, under the statute, is brought on the recognizance, alleging a forfeiture thereof. It is the recognizance and its forfeiture that gives the right of action, and not the fact that it is recorded. The right of action is complete when the recognizance is forfeited. It was so held in *Patterson* v. *The State,* 12 Ind. 86, to which we adhere."

An examination of the above case will show that it was contended that no right of action existed until there had been a forfeiture of the recognizance, and certificate of such forfeiture was indorsed by the justice on the recognizance, and the recognizance, so indorsed, filed and recorded in the clerk's office. The court held that the only object in filing the recognizance and recording it in the clerk's office was to create a lien on the real estate of the recognizors; and the words in the above quotation, "and not the fact that it is recorded," had reference to recording the recognizance in the clerk's office, and not to the entry in the justice's docket of the forfeiture. But in this it is not alleged or shown that there was any forfeiture. There can be no action without a forfeiture on which to base the action. *Votaw* v. *The State,* 12 Ind. 497.

It is next claimed by the appellants, that upon the facts agreed upon, the justice had no power to have the recognizors called and a forfeiture taken of the bond. We are of the opinion that the position is well taken. A justice of the peace is required to have an office. When a justice issues a summons, he is required to specify the time and place at

which the defendant shall appear. Sec. 21, 2 G. & H. 582. The forms prescribed for a justice of the peace require a party summoned or witness subpœnaed to appear at the office of the justice. The condition of the recognizance required the recognizors to appear at the office of the justice. A justice has the right to establish his office at any place in his township, and he undoubtedly has the right to change his office; but we are of the opinion that he has no right to change without giving notice to such persons as were required to attend at his old office. In the case under consideration, the justice, just before the time set for the appearance of the recognizors, vacated his office and went to the mayor's office, in a different part of the city of Delphi, where he caused the recognizors to be called. It is admitted that the appellants were at the office of the justice at the time named; that they had received no notice of the change of office, and could not and did not hear themselves called. We are of the opinion that the calling of the recognizors, at the place and under the circumstances agreed upon, was a nullity.

All the proceedings of courts should be open and fair, and free from any suspicion that any advantage has been taken. This cause was submitted to the court below upon an agreed statement of the facts, and hence we can indulge in no presumptions in favor of the finding of the court below. It was said by this court in the case of *I. & C. R. R. Co.* v. *Kinney*, 8 Ind. 402, that "where a cause is tried upon an agreed case in writing, an appellate court has neither more nor less evidence on which to act than the inferior court had; and they must weigh it as if they were trying the case originally."

The judgment is reversed, and the cause is remanded, with directions to the court below to order a new trial, and for further proceedings in accordance with this opinion.

*J. Applegate* and *J. H. Gould,* for appellants.

*B. W. Hanna,* Attorney General, for the State.