ADAMS *v.* THE STATE.

RECOGNIZANCE.—*Affidavit.*—A recognizance taken by a justice of the peace for the appearance of a defendant in a criminal case at a subsequent day is not void because the affidavit does not describe the crime charged with that degree of fulness and accuracy which would be essential if the affidavit were tested by a motion to quash, or which would be necessary in an indictment.

SAME.—*Presumption of Law.*—Although it does not appear that the recognizance in such case was required by the justice of the peace, it will be inferred that it was entered into by his order.

SAME.—*Evidence.*—The affidavit charging the crime, the recognizance, and the justice's transcript showing the forfeiture of the recognizance may be properly admitted in evidence, in an action in the circuit court on the forfeited recognizance, though the affidavit be such that it would have been bad on motion to quash. (PETTIT, J., dissented.)

SAME.—A recognizance may be the foundation of an action without a certificate of forfeiture indorsed thereon, and without its having been filed with the clerk as is contemplated by sec. 15, p. 639, 2 G. & H., and as is necessary where it is desired to make the recognizance a lien on real estate. *Urton* v. *The State*, 37 Ind. 339, overruled on this point.

From the Pike Circuit Court.

*W. H. De Wolf* and *E. P. Richardson*, for appellant.

*J. C. Denny*, Attorney General, and *J. C. Schafer*, Prosecuting Attorney, for the State.

DOWNEY, J.—An affidavit was filed before a justice of the peace against one Frank, in two paragraphs, one charging that he did, on, etc., at, etc., unlawfully and wilfully administer to a woman, whose name is given, and who was then and there a pregnant woman, a large quantity of medicine, with intent then and there and thereby unlawfully to procure the miscarriage of the said woman, naming her, the administration of said medicine not being then and there necessary to preserve the life of the said, etc.

The second paragraph of the affidavit is substantially the same as the first, except that it alleges that the woman was supposed to be pregnant. See 2 G. & H. 469, sec. 36.

The justice of the peace issued his warrant on the affidavit, and the accused was arrested by the constable and brought

before him. On motion of the accused and by consent of the parties prosecuting, the cause was continued until the next day, and the defendant, with the appellant as his surety, entered into a recognizance for the appearance of the defendant, before the justice of the peace, on the next day, to answer the charge. On the next day, the accused failed to appear in obedience to his recognizance, and the justice of the peace adjudged the recognizance forfeited.

This was an action based on the recognizance, a copy of which and of the affidavit, justice's transcript, etc., is filed with the complaint. It may be inferred that Frank was not served with process in this case, as no notice is taken of him in the progress of the cause.

Adams demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled by the court, and the defendant excepted. The defendant then answered by a general denial. The issues were tried by the court, and there was a finding for the plaintiff. A motion made by the defendant for a new trial was overruled, and there was final judgment for the plaintiff.

Two errors are assigned: 1. The overruling of the demurer; and, 2. Refusing a new trial.

One question in the case is as to whether, under the circumstances, the justice of the peace had authority to take the recognizance or not. It is clear that had the defendant appeared before the justice of the peace and made the objection, the affidavit should have been held insufficient, as not conforming to the statute in the description of the crime which the prosecutor attempted to charge. *Bassett* v. *The State*, 41 Ind. 303. But a recognizance taken by a justice of the peace for the appearance of a defendant in a criminal case is not void, although the affidavit does not describe the crime charged with that degree of fulness and accuracy which would be held essential in the affidavit if tested by a motion to quash it, or which would be necessary in an indictment for the crime. *Gachenheimer* v. *The State*, 28 Ind. 91; *The State* v. *Gachenheimer*, 30 Ind. 63; *The State* v. *Corson*, 1 Fairf. 473.

The affidavit in the case in 30 Ind. seems to us to fall as far short of a strictly legal and technical charge of the crime alleged, as the affidavit in this case does. It did not sufficiently state the false pretences used, nor did it allege that they were used with intent to defraud any person, as required by the statutory definition of the crime. 2 G. & H. 445, sec. 27. The court said in that case: "The false pretences specifically charged were, however, so defectively stated that the prisoner might well have objected to the sufficiency of the affidavit;" and yet the recognizance was held valid. The court also said: "If there is a colorable charge, though defective, then the jurisdiction exists—there is something to put the judicial mind in motion."

In the case in Maine, a distinction is taken between cases in which the justice of the peace may hear and finally dispose of the case, and those where he can only recognize or commit the accused party. In the case under consideration, the justice had jurisdiction to hold preliminary examinations in such cases, and he had the defendant under arrest before him when the recognizance was taken. Perhaps, had the defendant appeared before the justice of the peace, according to his recognizance, and objected to the affidavit, the prosecutor would have filed a new affidavit, and obtained a new writ against him, before his discharge by the magistrate. Such a construction or ruling as would facilitate the escape of persons charged with crime, though defectively, should be avoided.

It is urged that it does not appear that the accused was required, by the justice of the peace, to enter into the recognizance, and reference is made to *Flinn* v. *The State,* 24 Ind. 286, in support of the assertion that for this reason the recognizance is invalid. The case cited affords no support to the assertion. It is on another subject. It should be inferred from the facts, if necessary, that the recognizance was entered into by the order of the justice of the peace.

It is objected that the court erred in admitting in evidence, over the objection of the defendant, the affidavit filed before the justice of the peace. The objection was, that the affidavit

contained no criminal charge against the accused. If we are right in the views of the law already stated, there was no error in admitting the affidavit in evidence. It differed in some respects from the description of it in the complaint, but if there was any material variance, it might have been avoided by an amendment of the complaint on the trial, and should now be disregarded. 2 G. & H. 278, sec. 580.

The defendant objected to the reading in evidence of the recognizance, on the ground that it was irrelevant. We think, as it was the foundation of the action, it was not irrelevant. The defendant objected to the reading in evidence of the justice's transcript, on the ground that it was irrelevant. It was essential and proper to read the transcript in evidence, to show the forfeiture of the recognizance.

There was no certificate, indorsed on the recognizance, of its forfeiture, read in evidence, nor any evidence that the recognizance had been filed with the clerk, etc., as is contemplated by sec. 15, p. 639, 2 G. & H., where it is desired to make the recognizance a lien on real estate. This was not necessary, in order to make out the State's case. The recognizance may be the foundation of an action without having been so certified, filed, and recorded. This was so decided in *Patterson* v. *The State*, 12 Ind. 86. The same construction was placed upon the statute in *Gachenheimer* v. *The State*, 28 Ind. 91, above referred to. In *Urton* v. *The State*, 37 Ind. 339, without any mention of the foregoing cases, a different construction was given to the statute. But in *Hannum* v. *The State*, 38 Ind. 32, the court adhered to and followed the cases of *Patterson* v. *The State* and *Gachenheimer* v. *The State*. Under these circumstances, the case of *Urton* v. *The State* should be regarded as overruled.

There is no other question in the case.

The judgment is affirmed, with costs.

PETTIT, J.—I can not concur in the opinion in this case; and more particularly do I disagree with that part of it which holds that the affidavit on which the warrant was issued was

properly admitted in evidence. The complaint expressly charges and avers that an affidavit had been made charging Frank with the commission of a crime, and which is properly described in the complaint. This was denied by the answer, under which it devolved on the State to prove the charge as made in the complaint, and without doing so she was not entitled to judgment on the recognizance. To make this proof, she offered in evidence a paper purporting to be an affidavit, but it did not charge Frank with the commission of any crime or offence against the State. As well might the allegation in the complaint have been sustained by the introduction of a blank piece of paper, or one with nothing but a large ink blot on it. The affidavit was a nullity, and did not authorize the issuing of the warrant, the arrest of Frank, or the taking of the recognizance; and judgment should not have been rendered for the State.

In the cases in 28 and 30 Ind., cited in the opinion, this court talks about indulging in presumptions in favor of the action of a justice of the peace. That may be done when the affidavit is lost, as was the fact in those cases. Not so here, for the affidavit was and is before the court in the record, which shows that no offence was charged against Frank in it. If the foundation of a building is false and rotten, the superstructure built on it must fall. This is true in morals, mechanics, and law.