Filed Jan. 30, 1884.

———————◆———————

No. 10,737.

### FRIEDLINE *v.* THE STATE.

RECOGNIZANCE.—*Forfeiture.*—*Justice of the Peace.*—*Jurisdiction.*—*Complaint.* —A complaint on a forfeited recognizance taken by a justice of the peace, conditioned that the accused appear before the justice to answer a charge of cruelty to animals, on a future day to which the trial was continued, which avers that the justice had jurisdiction of the offence and of the person of the accused, and that on the day fixed the justice entered a judgment of forfeiture of the recognizance, sufficiently shows the jurisdiction of the justice and the forfeiture, to withstand a demurrer.

SAME.—*Judgment of Forfeiture.*—*Collateral Attack.*—Where a justice of the peace adjudges that a recognizance to appear before him to answer for crime is forfeited, and makes the proper entry and certificate thereof, his judgment of forfeiture can not be questioned by plea or proof in a suit upon the recognizance.

SAME.—*Defence.*—It is no defence to a suit upon a forfeited recognizance that the criminal charge in the case in which it was taken was not sufficient.

SUPREME COURT.—*Pleadings Struck Out.*—*Record.*—The striking out of pleadings can not be questioned in the Supreme Court unless the pleadings stricken out are brought into the record by bill of exceptions or some other proper method.

PRACTICE.—*Instructions to Find Verdict.*—*Evidence.*—Where the uncontradicted evidence clearly establishes the plaintiff's case, and there is no evidence tending to sustain any defence, an imperative instruction to the jury to find for the plaintiff is not error.

From the Delaware Circuit Court.

Friedline v. The State.

G. H. Koons and C. W. Moore, for appellant.

F. T. Hord, Attorney General, and J. W. Newton, for the State.

HAMMOND, J.—This was an action by the State against Albert Friedline and the appellant, John Friedline, upon a forfeited recognizance taken before a justice of the peace. There was a return of not found as to Albert. The appellant demurred to the complaint for want of facts to constitute a cause of action. The demurrer was overruled. He then answered in five paragraphs, the first being the general denial. The appellee's demurrer to the second paragraph, and its motion to strike out the third, fourth and fifth paragraphs of the answer were sustained. On a trial by jury, a verdict was returned for the appellee. The appellant's motion for a new trial was overruled. These rulings were severally excepted to by the appellant, and the same constitute his assignment of errors in this court.

The complaint states, in substance, that said Albert Friedline was arrested upon a warrant and brought before a justice of the peace in Randolph county, upon a charge of cruelty to animals, made in an affidavit and filed before said justice; that upon a continuance granted by the justice the recognizance in suit was entered into by said Albert Friedline as principal and the appellant as surety, the same being in the penalty of $100, payable to the State of Indiana, and conditioned for the appearance of said Albert at the time to which the case was continued; that at the time named Albert failing to appear, he was by order of the justice three times called but came not, and that it was then and there adjudged by the court that said recognizance be forfeited; that the forfeiture of the recognizance was entered of record in the justice's docket, and a certificate thereof endorsed by the justice on the recognizance; that the justice filed the recognizance, so endorsed, with the clerk of the Randolph Circuit Court, and that they were by the clerk recorded in the order book and noted in the judgment docket of said court. It

is also averred in the complaint that the recognizance was duly approved by the justice, and that at the time of taking the same, he had jurisdiction of the person of said Albert Friedline and of the charge made against him. A copy of the recognizance is filed with the complaint. The proceedings before the justice of the peace occurred in June, 1881, under the former code.

It is objected to the complaint, in the first place, that it fails to state facts showing that the justice had jurisdiction to take recognizance. We judicially know that as to the offence charged before the justice he had concurrent jurisdiction with the circuit court. 2 R. S. 1876, pp. 484 and 669; 1 R. S. 1876, p. 392, section 79. The complaint also directly avers that the justice had jurisdiction both of the offence and the person of the accused. This was sufficient as against a demurrer. If the facts relating to jurisdiction were not stated with sufficient minuteness, à motion to have the complaint made more specific would have been the correct practice. The objection was not reached by demurrer.

It is also objected to the complaint that it does not allege that, before the forfeiture, the appellant was three times called and required to bring into court the body of the accused in discharge of his recognizance. But the complaint does aver that a judgment of forfeiture was entered by the justice, and this implies that the proper steps authorizing such forfeiture had been taken.

We think there was no error in overruling the demurrer to the complaint.

The second paragraph of the appellant's answer shows that on the day to which the case before the justice was continued, and before the forfeiture of the recognizance, an offer was made, in behalf of the accused, by a responsible person, to file an undertaking, to the approval of the justice, to be bail for stay of execution and payment of the fine and costs that might be assessed against the defendant, but that the offer was rejected by the justice. The averments of the an-

Friedline *v.* The State.

swer are sufficient to show an offer to comply with section 95, 2 R. S. 1876, p. 398, but we think that section applied solely to the practice in the circuit court. No similar provision is found in the act of May 29th, 1852, 2 R. S. 1876, p. 668, regulating the practice before justices of the peace in criminal prosecutions. And even if the action of the justice in the particular complained of was irregular, it did not render the judgment of forfeiture void. It can not, therefore, be collaterally questioned.

There was no error in sustaining the demurrer to the second paragraph of the answer.

The ruling of the court below in striking out the third, fourth and fifth paragraphs of the appellant's answer can not be considered, as the said paragraphs have not been returned to the record by bill of exceptions or order of court.

The appellant's motion for a new trial contained twenty-one causes. The first, second, third and fourth causes were because the verdict was alleged to be contrary to law, not sustained by sufficient evidence, was contrary to the evidence, and to the law and the evidence. The evidence, we think, was ample to sustain the verdict, and that the objections named were not well taken.

The fifth and sixth causes for the new trial related to the admission in evidence, over the appellant's objection, of the affidavit filed before the justice of the peace. The affidavit was as follows:

" STATE OF INDIANA, RANDOLPH COUNTY, ss:

" Before me, Jacob Dick, a justice of the peace for said county, came Oliver Y. Sackman, who, being duly sworn according to law, deposeth and saith: That on or about the 26th day of June, 1881, at the county of ————, and State of Indiana, one Albert Friedline, late of said county, did then and there unlawfully and cruelly beat, torture and overdrive a team of horses, mares or geldings, at said county, said horses, mares or geldings being then and there the prop-

erty of one ————, contrary to the form of the statute in such case made and provided, and against the peace and. dignity of the State of Indiana."

The affidavit was duly subscribed and sworn to. It is objected that it does not show what county the offence was committed in, and does not, therefore, bring the case, territorially, within the justice's jurisdiction. It will be seen, however, that while the name of the county does not occur in the body of the affidavit, it is found in the title of it. Proper construction, we think, must make the word "there," occurring in the body of the affidavit, relate to the venue as stated in the title. Besides, it is no defence in an action upon a forfeited recognizance that the criminal charge in the case in which it was taken was not sufficient. *State* v. *Gachenheimer*, 30 Ind. 63; *Adams* v. *State*, 48 Ind. 212.

There was no error in admitting the affidavit in evidence.

The seventh cause for a new trial is not discussed by counsel for the appellant. The eighth, ninth, tenth and eleventh causes relate to the admission in evidence of the various records pertaining to the case, to which in our opinion no valid objection is suggested. The twelfth cause is disposed of by what was said with regard to the second paragraph of the answer.

The justice's record, introduced at the trial, shows that Albert Friedline and the appellant were each called according to the usual form in such cases before adjudication of forfeiture of the recognizance. The appellant, by various witnesses, proposed to contradict the record upon this point, but the proposed evidence was rejected. The thirteenth and fourteenth causes for a new trial have reference to the rulings of the court in not admitting this evidence. There was no error in rejecting the evidence. The justice's record, as against a collateral attack, such as was proposed by the appellant, imported absolute verity. It could not be thus disputed. *Stoddard* v. *Johnson*, 75 Ind. 20; *Featherston* v. *Small*, 77 Ind.

143; *Wilkinson* v. *Moore*, 79 Ind. 397; *Argo* v. *Barthand*, 80 Ind. 63.

The fifteenth and sixteenth causes for a new trial pertained to the refusal of the court to give certain instructions requested by the appellant. The questions involved in the refusal to give such instructions have already been considered. The court of its own motion charged the jury to return a verdict for the appellee. The giving of this charge is made the seventeenth, eighteenth and nineteenth grounds for a new trial. The instruction was proper. The appellee's case was clearly made out, and there was no evidence to the contrary. In such case, it is not error for the court to direct a verdict. 1 Works Pr., section 789.

The twentieth and twenty-first causes for a new trial relate to rulings on the pleadings, which can not properly be assigned as grounds for a new trial.

The appellant's motion for a new trial was properly overruled.

Judgment affirmed, at appellant's costs.

Filed Jan. 30, 1884.