McGuire *et al. v.* The State.

No. 15,023.

- McGUIRE ET AL. *v.* THE STATE.

RECOGNIZANCE BOND.—*Default. — Judgment of Forfeiture.* — In order to maintain an action upon a recognizance bond it is necessary that the court should enter a formal judgment of forfeiture at the same term of the default. A judgment of forfeiture entered at a subsequent term is void. The fact that the recognizance is a continuing one does not alter the rule. COFFEY, J., dissents.

SAME.—*Evidence.*—In such action, where the only evidence introduced is the bond, the entry of default and judgment of forfeiture, no evidence being introduced showing the bond to have been executed by the order of the circuit court, or that a criminal proceeding was pending against the defendant at the time the bond was executed, a finding adverse to the defendants is not sustained.

From the Fulton Circuit Court.

*M. L. Essick* and *O. F. Montgomery,* for appellants.

*L. T. Michener,* Attorney General, *C. P. Drummond,* Prosecuting Attorney, *M. A. Baker, G. W. Holman, R. C. Stephenson* and *J. Rowley,* for the State.

OLDS, J.—On the 24th day of October, 1885, the appellants, Patrick McGuire, Theodore Montgomery, Joseph Sharp, and Matthew McGuire, entered into a recognizance in the sum of $2,000, conditioned for the appearance of Patrick McGuire before the judge of the circuit court on the second day of the next term thereof, and at each succeeding term of such court thereafter, to answer the charge of murder, and abide the order of the court until said cause is determined, and not depart without leave. At the November term, 1888, of the Fulton Circuit Court the defendant, Patrick McGuire, failed to appear, and he and the other appellants, the sureties on the recognizance, were each properly called, and defaulted, and such default properly entered of record. At the next succeeding term of court, in February, 1889, there was a judgment of forfeiture of the recognizance entered. The complaint in this case is upon the recognizance, and alleges the returning of an indictment; a trial by

jury, the Hon. George Burson presiding as judge; a disagreement of the jury ; and that afterwards the defendant applied for and was admitted to bail in the sum of $2,000, and the execution of the recognizance ; the failure of the defendant to appear for trial at the November term, 1888, of said court ; and the taking of default, and entry of the same of record ; and the judgment of forfeiture at the next succeeding term of said court.

A demurrer was filed to the complaint, and overruled, and exceptions taken ; trial and judgment for the appellee. The evidence introduced consisted of the bond and the entries of default at the November term, 1888, and the judgment of forfeiture at the February term, 1889, a motion for a new trial overruled, and exceptions, and error properly assigned.

It is contended that a judgment of forfeiture is necessary, and that a recovery can not be had upon a recognizance, except it be supported by a judgment of forfeiture, and that such judgment can not be rendered at a term subsequent to the term at which the defendant fails to appear in accordance with the requirements of the recognizance, and default is taken against him and his sureties ; and as it appears by the complaint in this case that no judgment of forfeiture was entered on the bond at the time when the defendant failed to appear, and he and his sureties were called and defaulted, that the complaint is bad. It seems to be the settled law of this State, by numerous decisions of this court, that it is not sufficient to call and default the recognizors, but that it is necessary that the court should also enter a formal judgment of forfeiture at the same term of the default. *Rubush* v. *State,* 112 Ind. 107 ; *Friedline* v. *State,* 93 Ind. 366 ; *Kiser* v. *State,* 13 Ind. 80. There are other decisions of this court to the same effect. In most of the cases it does not appear whether the recognizances were continuing or not; but this fact, we think, can make no difference, as the object and purpose of a continuing recognizance is to avoid the renewal of the same at each term at which a cause may be continued,

and the recognizance continues in force from term to term, in case of continuances, and requires the defendant to appear from term to term. The statute expressly provides that an action shall be commenced by the prosecuting attorney upon the recognizance as soon as the forfeiture is entered, but the arrest of the defendant thereafter does not defeat a recovery or collection of the judgment rendered upon a forfeited recognizance; so that upon a continuing recognizance, as well as upon one which is not continuing, a default may be had, and judgment of forfeiture entered, and suit brought for the collection at any time when the defendant fails to appear as required by its terms. If, after default is taken, the defendant is again arrested and brought into court, he would have to execute a new bond in order to be released from custody. In the case of State v. *Thistlethwaite*, 83 Ind. 317, it is suggested, but not decided, that a *nunc pro tunc* entry of judgment of forfeiture may be made on notice being given at a subsequent term; but no *nunc pro tunc* entry was made, or sought to be made, in this case, but default was entered at one term, and at a subsequent term, without notice to the recognizors, the court entered a judgment of forfeiture; and even a *nunc pro tunc* entry can not be made except where the act was done and omitted to be entered. The judgment of forfeiture entered at the February term was void. The court erred in overruling the demurrer to the complaint.

The next question presented is as to the sufficiency of the evidence to support the finding and decision. The bond and entry of the default and the judgment of forfeiture were all the evidence introduced in the case. This is not sufficient evidence to sustain a finding, even if there had been a valid judgment of forfeiture. It is necessary to prove as well as to aver in the complaint that the bond was taken in the due process of law by a proper court or officer. This was not done in this case. There was no evidence to show by what authority the bond was taken, or that any criminal proceedings were pending against the defendant Patrick Mc-

Guire at the time it was executed. *Hannum* v. *State,* 38 Ind. 32; *Hawkins* v. *State,* 24 Ind. 288; *Griffin* v. *State,* 48 Ind. 258; *State* v. *Wenzel,* 77 Ind. 428. It is contended that the presumption is that a bond taken by the circuit court is binding, and that it is not necessary to allege the facts necessary to give the court jurisdiction, and that the proceedings can not be attacked collaterally; but the trouble in this case is that no evidence was introduced showing the bond to have been executed by the order of the circuit court, or that a cause was pending in the circuit court against the defendant in which the recognizance was executed for the release of the defendant. There is a failure of evidence on this point, for which the judgment must be reversed.

Judgment reversed, with instructions to the court below to sustain the demurrer to the complaint.

COFFEY, J., dissents from so much of the decision as holds that it is necessary to enter judgment of forfeiture at the same term of entering the default on a continuing recognizance.

Filed Dec. 18, 1889.

## ON PETITION FOR A REHEARING.

OLDS, J.—Counsel for appellee, in their brief for a rehearing, earnestly contend that the court erred in holding that a formal judgment of forfeiture is necessary in order to maintain an action upon the bond, and insist that under our statute all that is necessary is to enter a default.

We did not overlook the provisions of the statute, section 1721, R. S. 1881, in reaching the conclusion stated in the opinion. The statute, section 1721, provides that "If, without sufficient excuse, the defendant neglects to appear for trial or judgment, or upon any other occasion when his presence in court may be lawfully required according to the condition of his recognizance, the court must direct the fact to be entered upon its minutes, and the recognizance of bail or

money deposited as bail, as the case may be, is thereupon forfeited."

Section 1722 makes it the duty of the prosecuting attorney, as soon as such fact of forfeiture is entered, to proceed by action against the bail upon the recognizance, etc.

Construing the two sections together, it is clear that there shall be an entry of forfeiture. The entry of a default is not an entry of forfeiture. It seems to be the well recognized doctrine in the decisions of this court that it is necessary that a formal judgment of forfeiture must be entered. In *Friedline* v. *State*, 93 Ind. 366, it is said : " It is also objected to the complaint that it does not allege that, before the forfeiture, the appellant was three times called and required to bring into court the body of the accused in discharge of his recognizance. But the complaint does aver that a judgment of forfeiture was entered by the justice, and this implies that the proper steps authorizing such forfeiture had been taken."

In the case of *Fowler* v. *State*, 91 Ind. 507, it is held that section 1721 applies to proceedings before justices of the peace. In the case of *Hannum* v. *State*, 38 Ind. 32, it is said : " But * * it is not alleged or shown that there was any forfeiture. There can be no action without a forfeiture on which to base the action." The case of *Votaw* v. *State*, 12 Ind. 497, is cited in support of this statement, and that case holds that a forfeiture is necessary.

The same necessity of a formal judgment has been recognized in actions brought upon the recognizance as under the old system, when *scire facias* issued after the entry of the forfeiture, and that such formal entry is necessary under a system whereby a writ of *scire facias* issues, is universally held. *Eubank* v. *People*, 50 Ill. 496 ; *Banter* v. *People*, 53 Ill. 434 ; *Thomas* v. *People*, 13 Ill. 696 ; *Kennedy* v. *People*, 15 Ill. 418 ; *Barnes* v. *State*, 5 Yerger, 82 ; *Park* v. *State*, 4 Ga. 329.

In *Friedline* v. *State, supra*, it is held that a judgment of forfeiture is conclusive, and imports absolute verity.

In the case of *Rubush* v. *State*, 112 Ind. 107, it is said that "The averment that the recognizance was by the court then and there forfeited, and the forfeiture thereof duly entered of record, necessarily 'implies that the proper steps authorizing such forfeiture had been taken.'" In all the decisions of this court in actions upon recognizances it is the recognized doctrine that there must not only be a default, but an entry of forfeiture.

We therefore adhere to the conclusion reached in the original opinion, that there must be a formal judgment or entry of forfeiture.

The petition for rehearing is overruled.

