BlaokRORd, J.
On the 23d of July, 1841, John H. Smith made an affidavit before Samuel Davis, a justice of the peace, charging Samuel Homey with feloniously uttering, paying, &c., counterfeit money; on which affidavit a warrant issued against Homey, and was returned on the same day to John Alley, a justice of the peace, with the body of Homey in custody. A joint and several recognizance was thereupon entered into by Homey, John Thompson, and Alexander Boss, before justice Alley in thé sum of $200, to be levied on their and each of their goods and chattels, lands and tenements, conditioned for Homey’s appearance before justice Alley on the 6th of August, 1841, at, &c., to answer the State on a charge of forgery, on the complaint of said Smith. Homey failed to appear according to the condition of the ^'recognizance, and the justice declared the recognizance forfeited.
A certified transcript of the above-named proceedings, with the recognizance, &e., was filed by justice Alley in the Circuit Court, on the 11th of August, 1841; and at the next October term of the Court, the said transcript, recognizance, &c., were, on motion of the prosecuting attorney, entered of record in the Court, and writs of scire facias were ordered to be issued against the recognizors. A seire facias was accordingly issued out of said Court against Alexander Boss, one of the recognizors, setting forth the above facts, and requiring him to show cause, &c. The defendant demurred generally to the scire facias; the demurrer was overruled; *338 and judgment rendered against the defendant for the sum of $200, with an award of execution for the same.
The first error assigned is, that the recognizance is not stated by the scire facias to be attested by the justice. The statute authorizes a justice of the peace, when his examination of a defendant charged with a crime, is postponed to a subsequent day, to cause the defendant to enter into a recognizance for his appearance before the justice on such day. R. S., 1838, p. 361. The recognizance before us was taken by virtue of that statute, and in a case contemplated by it. It was taken by the justice in the progress of the investigation before him, and is a part of the proceedings in the cause. This is shown by the scire facias, which contains a copy of the certified transcript of the justice’s proceedings, which were signed by him. It is true, that the recognizance, which is set out in hoec verba in the scire facias, does not show that it was attested and approved by the justice as the statute requires. R. S., 1838, p. 361, sect. 4. If this omission in the recognizance be a substantial defect, the recognizance is not for that reason void. There is a statute saying, that when such a recognizance has not the substantial matter required by law, the principal and his sureties shall not on that account be discharged; but that they shall be equitably bound to the party interested ; and that such party may, by action of debt or scire facias, in any Court of competent jurisdiction, suggest that such recognizance is defective, and recover, &c. R. S., 1838, p. 450. The scire facias in question does not, *indeed, contain any suggestion of a defeat in the recognizance, but as the alleged defeat is apparent on the face of the scire facias in which the recognizance is copied, the omission of the suggestion could only be taken advantage of, if at all, by special demurrer.
The recognizance purports to be signed and sealed by the recognizors, and to have been acknowledged before the justice ; it is therefore, at least under the statute last cited, a sufficient foundation for a scire facias. If the recognizance *339 was not entered into by the defendant so as to be obligatory on him, the objection should have been made by plea.
J. 8. Newman, B. C. Cox and P. S. Hachleman for the plaintiff.
H. O'Neal, for the State.
The second error assigned is, that the scire facias could not issue out of the Circuit Court. This objection is also untenable. As the recognizance is for a sum beyond the justice’s jurisdiction, and is binding on lands, the Circuit Court appears to us .to be the proper tribunal out of which the scire facias should issue.
Per Curiam.—The judgmentis affirmed with costs.