*J. B. Howe*, for the plaintiff.

---

## MILLER *v.* THE STATE.

*Sci. fa.* from the Circuit Court on a recognizance taken by a justice of the
peace for the appearance, before him, of a person charged with having passed
counterfeit money. The justice had declared the recognizance forfeited, and
had certified the same to the Circuit Court. *Held*, that by a surrender of the
principal in the Circuit Court at any time before judgment on the *sci. fa.*, the
bail might be discharged on payment of costs.

ERROR to the *Posey* Circuit Court. <span>*Tuesday,<br>June 2.*</span>

PERKINS, J.—*Alexander B. Miller* was brought before
*James Davis*, a justice of the peace of *Posey* county, *Indi-
ana*, on the charge of having passed counterfeit money. It
being necessary to postpone the examination of the case, the
said *Alexander*, with *Isaac Miller* as surety, entered into a
recognizance conditioned for his appearance before the jus-

tice on the 21st of *May*, 1845, to answer to the charge. *Alexander* failing to appear, the recognizance was declared forfeited, and, with a transcript of the proceedings before the justice, filed in the office of the clerk of the *Posey* Circuit Court. A *scire facias* issued thereon, to which, at the return term on the first calling of the cause, said *Isaac* appeared and offered to surrender the said *Alexander* in open Court, and thereupon moved to be discharged from his liability as appearance bail on the payment of costs; but the Court refused the surrender and motion for discharge, and rendered judgment and awarded execution for the amount of the recognizance; which refusal and rendition of judgment are alleged to be erroneous.

Had this been a case in which the forfeiture of the recognizance occurred in the Circuit Court, it is conceded on the part of the state, that that Court should have accepted the surrender and discharged the bail on the terms of the motion; and the question is, whether the same rule applies where the forfeiture is adjudged before a justice of the peace. Sections 96 and 97 of chapt. 48, R. S. 1843, provide that where a recognizance is forfeited, as in the present case, before a justice of the peace, it shall be filed, with a transcript of the proceedings before the justice, in the office of the clerk of the Circuit Court; and that the subsequent proceedings had thereon to final judgment shall be the same as in cases where the forfeiture is taken in the Circuit Court. And such was held to be the law without the aid of the statute. *Ross* v. *The State*, 6 Blackf. 315. Sections 30 and 32 of chapt. 54 of the R. S. above cited, and upon which the defendant below based his motion for a discharge in this case, provide that the bail for the appearance of any person to answer any criminal charge, may, at any time before final judgment on *scire facias*, surrender his principal in open Court and discharge himself from liability on his recognizance on payment of costs. In the present case, the surrender was made in open Court; it was made before final judgment on *scire facias*, and upon the terms of paying costs; and we think both the language and reason of the law embrace the case, and that the Circuit Court erred in refusing the defendant's discharge.

Some doubt has been expressed as to whether the surren-

der should not have been made to the recognizing magistrate. Whether cases may not arise, in which the surrender should be made to the magistrate, or in which, indeed, without further legislation it cannot be made any where so as to discharge the bail, it is not necessary now to inquire. In the case before us, we think the surrender was properly made to the Circuit Court. The charge against the accused is shown to be one finally cognizable only in that Court, and it would have been a vain thing to have surrendered him, if it could have been done, to the magistrate, only to have been by him remanded to the Circuit Court in the event of the accusation being so supported as to require that the defendant should be finally tried thereon.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*J. Pitcher* and *E. D. Edson*, for the plaintiff.
*J. Lockhart* and *J. H. Bradley*, for the state.