### BENNINGHOOF v. FINNEY *et al.*

EVIDENCE—SPECIAL CONSTABLE—APPOINTMENT OF.—The statute, 2 G. & H. 607, § 110, requiring the appointment of a special constable, by a justice of the peace, to be noted on the docket of such justice, such appointment can only be proven by the record.

SPECIAL CONSTABLE—JUSTICES OF THE PEACE.—The provisions of the statute requiring justices to note the appointment of special constables on their dockets, and to direct process to them by name, are imperative, and not directory merely.

APPEAL from the *Vanderburg* Common Pleas.

WORDEN, J.—This was an action by the appellant against the appellees, upon the official bond of *Finney* as a justice of the peace. Issue, trial, finding and judgment for the defendants, a new trial having been applied for and denied.

The case made by the complaint is this: The plaintiff recovered a judgment before said *Finney*, as a justice, for 85 dollars and some cents, besides costs, against one *Gastele*. Execution was issued upon the judgment by the justice, and delivered to one *William Barker*, who is alleged to have been appointed by *Finney* as a special constable in the case. *Barker* levied the execution upon a wagon and a yoke of oxen

Benninghoof *v.* Finney et al.

as the property of *Gastele,* and took from the latter a delivery bond, for the delivery of the property on the day fixed for the sale thereof. On the day fixed for the sale *Barker* failed to attend, although the property was there ready to be delivered to him, and in consequence of *Barker's* failure to attend the plaintiff failed to collect his judgment.

The gist of the action, it will be seen, was *Barker's* failure to attend at the time and place fixed for the sale of the property.

The case seems to have turned mainly on the question, whether the property was exempt from execution, and if so, whether the judgment debtor had taken the proper steps to obtain the benefit of the exemption.

Error is claimed to have been committed in the admission of improper evidence, offered by the defendants, as to the contents of a schedule of property, the paper itself not being accounted for. But in looking through the evidence we think the finding was right independently of all the evidence that was objected to. There is a fatal defect in the evidence designed to sustain the plaintiff's cause.

We have the following statutory provisions, on which the action is based:

"Sec. 110. Whenever there shall be no constable convenient, and in the opinion of the justice an emergency exists for the immediate services of one, such justice may appoint a special constable to act in a particular cause; and shall note such appointment in such cause on the docket, and shall direct process to him by his name; and such constable so appointed shall discharge the duties, receive the fees, and have the powers in such case appertaining to the office.

"Sec. 111. The justice appointing such constable shall, with his sureties, be liable on his official bond for any neglect of duty or illegal proceeding of such constable in such cause." 2 G. & H. 607–8.

Benninghoof *v.* Finney et al. ·

The transcript of the judgment and proceedings in the case of the appellant against *Gastele,* offered in evidence by the plaintiff does not show that *Finney* appointed *Barker* as special constable at all; and this appointment, being required to be noted on the docket, thus making it matter of record, could only be proven by the record. *Porter* v. *Byrne,* 10 Ind. 146, 150. There is, it is true, the following statement in the judgment, viz: "*August* 25, summons issued at the request of the plaintiff, and to *William Barker,* D. C. P. T., returnable on," &c. There is also the following statement in the transcript, viz: "Execution issued on 1st day of *October,* 1861, and to *William Barker,* D. C. P. T., 18th *November,* 1861, this execution handed to plaintiff in this cause.

Much liberality ought to be extended to short and informal entries made by justices of the peace, but the above entries wholly fail to show substantially that *Barker* was appointed by the justice as a special constable in that case. The abbreviations, "D. C. P. T.," would seem to imply that *Barker* was a deputy constable of *Perry* township, the township in which the justice resided. But deputy constables are appointed by constables and not by justices of the peace. 1 G. & H. 302.

All that can be implied from what appears in the transcript is that *Barker* was a deputy constable of the township. This view is perhaps strengthened by the fact that the execution in question was directed, not to *Barker* by name, as was required if he had been duly appointed as a special constable by the justice, but "to any constable of *Perry* township." With such a record, and such an execution issued upon it, we think it clear that *Barker* could not have justified, as a special constable, a trespass committed by him in attempting to serve the execution; and if he could not, it is clear that the justice is not liable for his failure to complete the service. The provisions of the statute requiring the jus-

tice to note the appointment of a special constable on his docket, and to direct process to him by name, are imperative, and should not be construed to be directory merely. They were intended to furnish the person thus appointed with record evidence of his authority to act, and without such evidence of record it seems to us he has no such authority.

*Per Curiam.*—The judgment below is affirmed, with costs.

*Chandler & Hynes*, for the appellant.

*Lewis C. Stinson*, for the appellees.