Dietrichs *et al. v.* Schaw.

———————◆———————

## DIETRICHS ET AL. *v.* SCHAW.

ARREST.—*Constable.*—A writ for an arrest issued by a justice of the peace and directed "to any constable of the county," delivered to one not a constable or authorize him to make the arrest. To create him a special constable and justify him in making such arrest, the writ must be directed specially to him by name, and his appointment to act as such

Dietrichs *et al. v.* Schaw.

special constable, in that particular case, must be noted by the justice on his docket. In case of the non-compliance with these provisions of the statute, a party acting as special constable has no authority to act and cannot justify under the writ.

SAME.—*Citizen Acting under Officer.*—A citizen acting under such person cannot justify. It may be that where a known public officer calls upon a citizen to aid him in the execution of process, the citizen can justify under the officer, although the officer himself be guilty of a trespass; but where the party making the arrest is not a known public officer, but only assumes to act in the particular case by special appointment, persons aiding the supposed officer are bound to know whether he is authorized to make the arrest or not; and if in such case the party making the arrest is a trespasser for want of authority, those aiding him are also trespassers.

SAME.—Where a person is so illegally under arrest, a justice of the peace is also a trespasser in committing the person so arrested to prison, as he has not acquired jurisdiction over his person.

SAME.—*Liability of Judicial Officers.*—Judicial officers are not liable for mistakes of judgment or erroneous decisions, but they are liable for trespasses committed under color of judicial authority when they have no jurisdiction over the parties or the subject-matter.

153

From the Marion Superior Court.

*I. Klingensmith,* for appellants.

*J. P. Baker, J. W. Gordon, T. M. Browne,* and *R. N. Lamb,* for appellee.

WORDEN, J.—We take the following statement of the facts in this case from the decision of the court below, it not being disputed that the statement is full and correct:

Dietrichs, as a justice of the peace, issued his warrant for the arrest of Schaw, the plaintiff in this case, to answer a charge of provoking one Smith to commit an assault and battery on him, Schaw, duly made under oath before said justice. The writ was directed "to any constable of Marion county," but instead of being delivered to a constable, it was handed by the justice to Charles G. Coulon, who appears in the subsequent proceedings under the name of a special constable.

Coulon arrested Schaw and brought him before the justice. Soon after he was brought into the office of the justice, the latter went to his dinner, Charles G. Coulon leaving at the same time. The justice and Coulon left the plaintiff

in charge of Blume, who was a clerk in Dietrichs' office. While they were absent, the plaintiff started out of the office. Blume undertook to restrain him from going and called for help, whereupon Charles Coulon, who was prosecuting the "provoke" case, came out from his own into the justice's office, and ordered the plaintiff to sit down and behave himself until Esquire Dietrichs should return. Thereupon the plaintiff resumed his seat and awaited the return of the justice. The weight of evidence is, that Schaw was drunk when brought before the justice, and on his return the latter issued a mittimus for the commitment of the former to jail, reciting in the mittimus that the trial of the charge was necessarily postponed by reason of the drunkenness of Schaw, and he having failed to give bail for his appearance in the sum of fifty dollars, the jailer was commanded to receive said Christian Schaw into his custody in the jail of said county, there to remain until discharged by due course of law.

Schaw was kept in jail until the next day, when, on the order of justice Dietrichs, he was brought out, and the prosecution pending against him terminated in a finding of guilty and a nominal fine, with costs. No record was made of the proceedings in the docket of justice Dietrichs for more than a month afterward.

After his release Schaw brought this suit for the alleged arrest, assault, and imprisonment. Dietrichs filed a general denial and a second paragraph of answer, setting up the above recited proceedings before him against the plaintiff, as a defence.

The other defendants pleaded the general denial separately. Charles G. Coulon filed a second paragraph, justifying, under the writ issued and delivered to him by the justice. The other defendants answered further in justification, that they acted as citizens under the command of Charles G. Coulon as special constable. The court at special term sustained demurrers to all the special answers, to which the defendants severally excepted.

The cause was tried by a jury. Verdict against all the defendants for five hundred dollars damages. The defendants filed separate motions for a new trial. The plaintiff remitted two hundred and fifty dollars of the verdict, whereupon the court overruled the motions for a new trial, and rendered judgment on the verdict.

The only real question presented by the record is, did the writ delivered by the justice to Charles G. Coulon authorize him to arrest the plaintiff? If it did, the justice acquired jurisdiction of the person of the plaintiff, and such jurisdiction protected him from suit for subsequent irregularities; and the other defendants could justify under the writ. On the other hand, if the writ gave Charles G. Coulon no authority to make the arrest, he and all others acting in the premises under his orders, as well as the justice who committed the plaintiff to jail after his arrest, are trespassers.

The court below, at general term, held that the defendants were all trespassers and affirmed the judgment rendered at special term. The decision will be found reported in Wilson's Superior Court Reports, vol. 1, part 2, p. 153.

We are of opinion that the decision of the court below was correct, and that the judgment must be affirmed. Charles G. Coulon was not a constable and had no authority to make the arrest, unless he was specially appointed for that purpose in the manner provided for by statute.

In order to justify him in making the arrest, the writ must have been directed to him specially by name, and not to any constable of Marion county. Moreover, his appointment to act as a special constable in that particular case should have been noted by the justice on his docket. 2 G. & H. 607, sec. 110; 2 G. & H. 639, sec. 16. In the case of *Benning-hoof* v. *Finney*, 22 Ind. 101, these requirements of the statute were held to be imperative, and not directory merely. It was also there held, that in the case of a non-compliance with these provisions, a party acting as a special constable had no authority to act, and could not justify his trespass under the writ. In the case under consideration, Charles G. Coulon

Dietrichs *et al. v.* Schaw.

was a trespasser, having no authority whatever to arrest and detain the plaintiff. With respect to Charles Coulon and Blume, it is urged by counsel for the appellants that they can justify under Charles G. Coulon. It is said in the brief for appellants, that " a citizen justifying under an officer need not go any further than to show that he claimed or assumed to be an officer and acted as such ; and that will be a complete defence to him." It may be that where a known public officer calls upon a citizen to aid him in the execution of process, the citizen can justify under the officer, although the officer himself is guilty of a trespass ; as where the sheriff arrests a person not named in the warrant. *McMahan* v. *Green*, 34 Vt. 69. But this doctrine does not apply, as we think, to a case where the party making the arrest is not a known public officer, but only assumes to be authorized to act in the particular case by special appointment. In such case we think, as was held by the court below, that persons aiding the supposed officer are bound to know whether he is authorized to make the arrest or not. And, in such case, if the party making the arrest is a trespasser for want of proper authority, those aiding him are also trespassers. *Oystead* v. *Shed*, 12 Mass. 506 ; *Elder* v. *Morrison*, 10 Wend. 128 ; *Hooker* v. *Smith*, 19 Vt. 151.

The justice himself was a trespasser in committing the plaintiff to prison, inasmuch as he had acquired no jurisdiction over his person. It is not a case of error of judgment merely, but one of want of jurisdiction over the person of the defendant. Judicial officers are not liable for mistakes of judgment or erroneous decisions ; but they are liable for trespasses committed under color of judicial authority, where they have no jurisdiction over the parties or the subject-matter. 2 Lead. Crim. Cas., 2d ed., p. 325.

The judgment below is affirmed, with costs.