Harris *et al. v.* The State, *ex rel.* Brownlee, Prosecuting Attorney.

———◆———

HARRIS ET AL. *v.* THE STATE, EX REL. BROWNLEE, PROSECUTING ATTORNEY.

CRIMINAL LAW.—*Assault and Battery.*—Where the defendant in a criminal proceeding is charged with having committed an "assault and battery, with intent to kill, upon the person of", etc.,

*Held,* that the crime charged amounts to no more than an assault and battery.

SAME.—*Justice of the Peace.*—*Finding of.*—*Recognizing Defendant.*—*Recognizance.*—*Validity of.*—Where the defendant, in a criminal proceeding before a justice, was charged with having committed "an assault and battery,

Harris *et al. v.* The State, *ex rel.* Brownlee, Prosecuting Attorney.

with intent to kill, upon," etc., and the record of the justice's finding shows that defendant pleaded guilty, and that no witness was sworn, whereupon it was adjudged that the prisoner be held to bail to appear in the circuit court to answer such charge, but there was no express finding that the punishment such justice could inflict was inadequate to the crime charged,

*Held,* that though such finding may be erroneous or irregular, yet a recognizance, entered into by the defendant, under such finding, is valid in a suit upon the same for forfeiture.

RECOGNIZANCE.—*Alteration of.*—In a suit upon a forfeited recognizance taken by a justice of the peace, binding the defendant in a criminal prosecution to appear in the circuit court, the defendant in such suit, under a verified plea of *non est factum,* introduced evidence to show that, after the execution of such recognizance, it had been altered by the interlineation of certain immaterial words.

*Held,* that, even if proved, such alteration, by whomsoever made, could not destroy the validity of such recognizance.

From the Posey Circuit Court.

*A. P. Hovey* and *G. V. Menzies,* for appellants.

*John Brownlee,* Prosecuting Attorney, for appellee.

BIDDLE, J.—This was an action, in the Posey Circuit Court, on a forfeited recognizance.

The complaint is in two paragraphs. The first, after the usual introduction, says, that heretofore, to-wit, on the 15th day of February, 1874, one Isaac Thomas filed an affidavit before William H. Dent, a justice of the peace of said county, charging the defendant, Stephen Harris, with the crime of an assault and battery, with intent to murder, upon the person of one Henry Cox; that Harris was arrested and brought before the justice, who heard the evidence, found him guilty and recognized him to appear before the next term of the circuit court to answer the charge, with the other appellants as his sureties, and files a copy of the recognizance, alleging forfeiture, and claims judgment, etc.

The second paragraph is the same as the first, with the exception of the additional allegations " that after the said justice had taken and duly approved said recognizance, some person, whose name is unknown to the plain-

tiff, and without the knowledge and consent of the plaintiff, interlined the following words in said recognizance, to-wit, 'and,' 'examination,' 'and abide the judgment of said court.'" Copies of the recognizance are filed with each paragraph. The first recites "that whereas Stephen Harris has this day, on examination before William H. Dent, justice, been found guilty of the charge alleged by Isaac Thomas, of having committed assault and battery, *with intent,* upon the person of Henry Cox." The second is substantially the same, with the exception "*with intent to kill*" is inserted.

The appellants answered *non est factum,* under oath, to each paragraph. Trial by the court, finding for the plaintiff, motion for a new trial overruled, and judgment for the plaintiff.

On the trial, the plaintiff offered in evidence the affidavit of Isaac Thomas, for an "assault and battery, with *intent to kill,* upon the person of Henry Cox," the writ for the apprehension of Harris, and the return thereon, and the transcript of the examination of the justice, which shows that the defendant pleaded guilty, and that "no witness was sworn;" whereupon it was adjudged that the prisoner be held to bail for his appearance in the circuit court to answer said charge. There is no other finding. The recognizance was then offered by the plaintiff, with the interlineation marked, and the forfeiture of the recognizance in the circuit court.

The appellants state their case as above, and make the following objections to the proceedings, viz.:

"First. That the charge in the recognizance amounts to no more than an assault and battery.

"Second. That the justice did not find that the punishment he could inflict was inadequate to the crime charged.

"Third. That he could not require Harris to give bond, unless the record shows the further fact that *the justice found* that the punishment he could inflict was inadequate, and that hence the recognizance is illegal and void.

"Fourth. The evidence clearly shows that the recognizance was so interlined, after signing and before it was properly filed in the court below, as to destroy its validity.

"Fifth. The evidence does not support the allegations of the complaint."

1. We concur with the appellants, that the crime, as it is charged, amounts to no more than an assault and battery.

2. It is clear, also, that the justice did not find, in express terms, that the punishment he could inflict was inadequate to the crime charged.

3. It was not necessary, in our opinion, that the justice should so expressly find. He had jurisdiction of the subject-matter and over the person; his judgment, therefore, is valid, when questioned collaterally, even though it might be erroneous or irregular. An error in the judgment, in such a case, can not be set up against the recognizance taken under it, unless the judgment is void. *Evans* v. *Ashby*, 22 Ind. 15; *Landers* v. *George*, 49 Ind. 309.

4. It is not clear to our mind, by any means, that the interlineations in the recognizance, complained of, were made *after* it was signed. The justice testifies that the interlineation in black ink was made when he wrote the bond, and *before* it was signed. This is affirmative evidence, while that which tends against it is negative. The words interlined in blue ink were, "and abide the judgment of said court," near the close of the recognizance. In the sentence, "Whereas, Stephen Harris has this day, on *examination* before William H. Dent, justice, been found guilty," etc., the word "examination" is interlined in blue ink. The words interlined in the same kind of ink with which the bond was written were, "upon the person of Henry Cox." As to these latter words, the evidence tends so strongly to show that they were interlined *before* the recognizance was signed, that, as an appellate court, we could not disturb the finding on that ac-

count, and the words interlined in blue ink, in our judgment, are wholly immaterial. Their absence or presence could not affect the validity of the recognizance, nor change its legal construction. The words "and abide the judgment of said court" are simply what the law requires, and therefore, by the force of law, were agreed to by the recognizors when they signed the recognizance. An alteration, which does not in any way vary or change the legal effect of an instrument, does not render it invalid, by whomsoever the alteration may have been made. *Cochran* v. *Nebeker*, 48 Ind. 459; *The State, ex rel. Jackson Township*, v. *Berg*, 50 Ind. 496.

And by the statute it is enacted that, "No action upon a recognizance may be defeated for any defect of form, or any omission of recital, condition of undertaking therein, or neglect of the clerk to endorse or record it; but the recognizors are bound thereby to the full extent specified therein." * * * 2 R. S. 1876, p. 382, sec. 40. *Kearns* v. *The State*, 3 Blackf. 334; *Ross* v. *The State*, 6 Blackf. 315; *Saxton* v. *The State*, 8 Blackf. 200; *Trimble* v. *The State*, 3 Ind. 151; *Patterson* v. *The State, ex rel., etc.*, 12 Ind. 86; *Hunter* v. *The State*, 21 Ind. 351; *Ott* v. *The State*, 35 Ind. 365.

5. We are of the opinion that the evidence fully supports the finding and judgment.

The judgment is affirmed, with costs.