The State v. Wenzel.

No. 9210.

## THE STATE v. WENZEL.

PLEADING.—*Facts.*—*Conclusions.*—The facts stated in a pleading must determine its sufficiency, and general averments must yield to the particular facts stated.

SAME.—*Forfeited Recognizance.*—*Warrant.*—*Exhibits.*—*Answer.*—Instruments which are not the foundation of a pleading should not be made exhibits; and the warrant and return, upon which an offender was arrested, are no part of an answer to a suit upon the recognizance entered into by him, and do not aid such pleading or supply material averments.

PRESUMPTION.—*Public Officers.*—Until the contrary is shown, public officers are presumed to have done their duty.

SPECIAL CONSTABLE.—*Warrant.*—*Arrest.*—*Jurisdiction.*—A warrant, to justify an arrest by a special constable, must be addressed to him by name; and, unless so addressed, an arrest by him by virtue thereof confers no jurisdiction upon the examining magistrate.

JURISDICTION.—*Void Warrant.*—*Justice of the Peace.*—A justice of the peace can not acquire jurisdiction of a person accused of crime upon an illegal arrest made under color of a void warrant.

SAME.—*Recognizance.*—A recognizance taken in a case where the court has no jurisdiction can not be enforced.

SAME.—A court of general superior jurisdiction may take a recognizance without, of its own motion, inquiring into the manner in which the accused person was brought before it.

SAME.—*Estoppel.*—Where one, against whom an accusation of a felony had been formally and properly lodged, voluntarily and without objection enters into a recognizance in a court of general jurisdiction, he can not afterwards escape the consequences of a default thereof upon the ground that the officer had illegally arrested him. In such case, the jurisdiction of the court to take the recognizance is in all respects complete and perfect.

COLLATERAL ATTACK.—*Judgment.*—*Jurisdiction.*—The judgment of a court upon its own right to take jurisdiction can not be collaterally questioned.

SAME.—*Entry of Recognizance.*—As a rule, an entry of recognizance can not be collaterally impeached.

From the Wabash Circuit Court.

*D. P. Baldwin*, Attorney General, *M. Good*, Prosecuting Attorney, and *O. H. Bogue*, for the State.

*A. Taylor*, *C. Cowgill*, *H. B. Shiveley* and *C. E. Cowgill*, for appellee.

ELLIOTT, C. J.—The complaint of the State, the plaintiff below, alleges that an affidavit was filed before N. P. Ferry, a justice of the peace of Noble township, Wabash county, charging one Christopher Wenzel with perjury; that, upon the filing of the affidavit, the justice issued a warrant for the arrest of said Christopher Wenzel, which was placed in the hands of the sheriff of said county as a special constable; that the said officer did arrest said Wenzel, and did bring him before the justice by whom the warrant was issued, on the 6th day of March, 1880; that the case was called for trial, and the said Wenzel, being present in person, did waive a preliminary examination, whereupon the justice required him to enter into a recognizance for his appearance at the next term of the Wabash Circuit Court; that the said Wenzel failed to give such recognizance, and was committed to jail; that on the 15th day of March, 1880, said Christopher Wenzel was brought into the Wabash Circuit Court, and that he and the appellee, Jacob Wenzel, did, in open court, enter into a recognizance for the appearance of the former at the next term of said court, and that default was made and forfeiture declared.

The answer of appellee, omitting merely formal parts, is as follows: "That his co-defendant, the said Christopher, was never in the legal custody of the court upon the charge of perjury; that the arrest of the said Christopher, made by the said Asa S. Ross, was wholly illegal and unwarranted, in this, to wit, that the said Asa S. Ross was not, at the time of the arrest of the said Christopher, a constable of Wabash county, and that when said justice, N. P. Ferry, issued his warrant for the arrest of said Christopher, and placed the same in the hands of said Ross, he did not, as the statute requires, direct it, the said warrant, in name to the said Ross. A copy of said warrant is filed herewith and made a part of this answer, and marked 'Exhibit A.' And the defendant says that the said warrant so issued by

said justice is the only one that was issued by the said justice, and the arrest made was that made by said Asa S. Ross, and no other.''

Appellant demurred to this answer, and here alleges error upon the action of the court in overruling the demurrer.

The facts stated in the answer must determine its sufficiency. Mere general conclusions can not have a controlling effect where facts are specifically stated. The general averment must yield to the particular facts stated as the ground of defence. *Neidefer* v. *Chastain*, 71 Ind. 363 ; *Reynolds* v. *Copeland*, 71 Ind. 422 ; *Richardson* v. *Snider*, 72 Ind. 425 ; *Woollen* v. *Whitacre*, 73 Ind. 198 ; *Jackson School Tp.* v. *Farlow*, 75 Ind. 118 ; *Stack* v. *Beach*, 74 Ind. 571.

The warrant and return are no part of the answer. Instruments which are not the foundation of a pleading should not be made exhibits. The rules of good pleading are violated in every case where this is done. The practice has been again and again censured by this court.

The appellee's position is, that the Wabash Circuit Court had no jurisdiction of the person of Christopher Wenzel, and that the recognizance is therefore void. Valid recognizances are such as are taken by courts of competent jurisdiction. A recognizance taken in a case where there is no jurisdiction can not be enforced. Thus far the law is plain. The question in this case is, Did the Wabash Circuit Court have jurisdiction at the time the recognizance in suit was entered into? There can be no fair debate upon the question as to the general jurisdiction of that court over the subject-matter of felonies and recognizances. That it does possess such jurisdiction can not be doubted. Whether it possessed jurisdiction of the person of Christopher Wenzel, is the debatable question. Appellee, in support of his contention that the Wabash Circuit Court did not have jurisdiction of Wenzel, assigns these reasons :

The State *v.* Wenzel.

1. That, as the warrant is addressed to "any constable of Wabash county, greeting," the sheriff had no authority to arrest upon a warrant so issued and addressed;

2. That the warrant was void, because not addressed to Ross by name.

The first of these reasons is very easily disposed of. The answer does not aver that the warrant was so addressed. The exhibit filed with the answer neither helps nor harms; it simply has nothing at all to do with the pleading. The presumption upon this point is therefore against the appellee; for, until the contrary appears, public officers are presumed to have done their duty.

The second of the reasons urged by the appellee requires consideration. It is shown that Ross was not a constable, and the State concedes that, as sheriff, he could not serve warrants issued by justices, unless he was authorized as a special constable. Section 110 of the justices' act requires, that, when a special constable is appointed, the process shall be issued to him by name. The requirement of the statute is imperative. The process will not protect the person assuming to act as special constable, unless addressed to him as the statute requires. *Benninghoof* v. *Finney*, 22 Ind. 101; *Dietrichs* v. *Schaw*, 43 Ind. 175. The warrant upon which Christopher Wenzel was arrested did not justify Ross in arresting him; nor did such arrest confer jurisdiction upon the examining magistrate. A justice of the peace can not acquire jurisdiction of a person accused of crime upon an illegal arrest made under color of a void warrant.

Counsel for the State argue with much force and ingenuity, that the circuit court had a right to take the recognizance, even though the accused person was improperly brought before it. The theory of counsel is, as we understand it, that the circuit court is one of superior jurisdiction, having general authority to let to bail; and that it is not bound to inquire, in the absence of objections on the

part of the accused, into the manner of his arrest or commitment. There are cases lending appellant's position strong support. In *Rex* v. *Marks*, 3 East, 157, the court held, that, however informal the arrest and commitment, yet, if a crime appear to have been committed, the court will take jurisdiction. In that case one of the judges said: "And it is equally clear, that though the warrant of commitment be informal, yet if upon the depositions returned the court see that a felony has been committed, and that there is a reasonable ground of charge against the prisoners, they will not bail but remand them." In *Ex parte Krans*, 1 B. & C. 258, ABBOTT, C. J., refused to discharge accused persons although they had been wrongfully taken into custody. In another case, *Ex parte Scott*, 9 B. & C. 446, the accused person had been arrested in a foreign country, and was in custody without having been legally arrested, and it was held that the court should entertain jurisdiction. Lord TENTERDEN there said: "I consider the present question to be the same as if the party were now brought into court under the warrant granted for her apprehension; she ought not to sustain any prejudice from the circumstance of her having been committed by me to the custody of the marshal. The question, therefore, is this, whether if a person charged with a crime is found in this country, it is the duty of the court to take care that such a party shall be amenable to justice, or whether we are to consider the circumstances under which she was brought here. I thought, and still continue to think, that we can not inquire into them." There are cases in our own reports sustaining the doctrine for which appellant contends. In *Adair* v. *The State*, 1 Blackf. 200, the court said: "The objection seems to arise to his (the officer's) taking it (the recognizance) on affidavit made before another officer; but we have seen no case that looks beyond the face of the recognizance, on a motion of this nature. The recognizance, when filed, is in the nature of a

The State *v.* Wenzel.

conditional judgment of record ; and when the recognizors fail to comply with the condition, the judgment becomes absolute, and stands independent of any previous proceedings." The court in another case, that of *McCarty* v. *The State*, 1 Blackf. 338, said : "The recognizance, when filed, is a record, and presumes that the charge was regularly made before it was acknowledged. It stands on its own terms, independent of any previous proceedings." There are cases in other courts maintaining substantially the same doctrine. *Shattuck* v. *The People*, 4 Scam. 477 ; *The People* v. *O'Brien*, 41 Ill. 303 ; *Wheeler* v. *The People*, 39 Ill. 430 ; *The People* v. *Kane*, 4 Denio, 530. Appellee affirms that the later cases in our own reports hold differently.

The case first brought to our notice is that of *Blackman* v. *The State*, 12 Ind. 556. It was there held that a sheriff has no authority merely because he is a sheriff to take a recognizance ; that he has such authority only in cases where the accused is in his custody on legal process. That case can, it is obvious, have no application to such a case as the present, where the recognizance was taken by a court of general jurisdiction. The next case requiring notice is that of *Hawkins* v. *The State*, 24 Ind. 288, where it was held, that, as the jurisdiction of a justice of the peace is a special statutory one, facts must be averred showing that he had authority to take the recognizance, and this holding is approved in *Gachenheimer* v. *The State*, 28 Ind. 91, and in *The State* v. *Gachenheimer*, 30 Ind. 63. In these cases stress is laid upon the character of the court by which the recognizance was taken, and the decisions are controlled by that consideration. In the last of these cases the court said : "Indeed, we regarded it as too familiar a proposition to justify discussion, that the proceedings of a court of inferior and limited jurisdiction can not be recognized as valid, unless the facts necessary to give jurisdiction in the particular case are affirmatively shown to exist, and that a recognizance, a debt of record, taken by a

justice of the peace, is within the rule." The court in the course of the opinion censured the majority opinion in *The People* v. *Kane, supra,* but expressly approved the doctrine maintained in the dissenting opinion of BEARDSLEY, J. The opinion thus approved contains this statement : "In its consummation a recognizance always becomes matter of record. According to Lord Coke, records 'import in them such incontrollable credit and veritie as they admit no averment, plea, or proofe to the contrarie.' Co. Litt., 260, *a.* The rule admits of some qualifications not material now to be considered ; * but its general accuracy can not be questioned." It is also said by the same judge : "As to courts of general jurisdiction the law dispenses with all averments on this point, as it raises the presumption of jurisdiction." The principle declared in this last statement is recognized by many cases in our reports, some of which are collected in the case of *Iles* v. *Watson,* 76 Ind. 359. There is nothing in the cases relied upon by appellee which can be regarded as in conflict with the cases found in the first volume of our reports. We think that sound principle requires that it should be held that a court of general superior jurisdiction may take a recognizance without, of its own motion, inquiring into the manner in which the accused person was brought before it. If it were otherwise, one accused of crime in a regular and formal manner might escape trial and punishment by voluntarily entering into a recognizance and afterwards defeat the enforcement of it by proving that he was illegally arrested.

There is another important element in this case. The accused voluntarily and without objection entered into the recognizance which the State seeks to enforce. It is a general principle, running through all our cases, that a party must object at the time an act is done or a ruling made by the court. This principle has been applied in cases where a party sought a reversal of a judgment sentencing him to

death. It is true of the vast majority of cases, that silence is acquiescence. It should be true of this. We think the principle has been directly applied to just such cases. It was so applied in *McCarty* v. *The State, supra,* and again in *Adair* v. *The State, supra,* and also in the case of *The People* v. *Leggett,* 5 Barb. 360. The well-considered case of *Daniels* v. *The People,* 6 Mich. 381, recognizes the same general principle. We are not here considering this doctrine in connection with the proceedings in a court of inferior jurisdiction, but with reference to a proceeding in a court of superior general jurisdiction. We are not willing to hold that one, against whom an accusation of felony has been formally and properly lodged, can voluntarily enter into a recognizance in a court of general jurisdiction, and afterwards escape the consequences of a default upon the ground that a ministerial officer had illegally arrested him. To hold with the appellee would be to adjudge that a court of competent jurisdiction must, in cases where a party in the custody of the sheriff comes in and asks to enter into a recognizance, before granting the request, stop and inquire by what manner the accused came into custody. We are clear that the court is not bound to do any such thing, but has a right to presume that the accused is properly within its jurisdiction. If the accused controverts the legality of the means by which he was brought into court, he must make known his objection, and not, by an affirmative act, submit to the authority of the court, and ask of it the privilege of giving bail. As the court possessed plenary jurisdiction of the subject-matter, and as the accused voluntarily, and without objection, submitted his person to the jurisdiction of the court, and, in acknowledgment of its authority, asked that his recognizance be accepted and made part of its record, it must be held that the jurisdiction of the court was in all respects complete and perfect.

There is still another phase of the case. The accused

was in person present in open court tendering his recognizance, and it then became necessary for the court to determine whether it had jurisdiction to receive the bail proffered. The question of jurisdiction was, therefore, one for determination, and, as it was determined, the correctness of that decision can not be impeached in this collateral manner. It has been again and again decided, that the judgment of an inferior court upon its own right to take jurisdiction can not be collaterally questioned; and there is much stronger reason for applying the rule to courts of general superior jurisdiction. The general rule is, that an entry of recognizance can not be impeached in a collateral proceeding. *Adair* v. *The State, supra; Doe* v. *Harper*, 1 Ind. 427; *Harris* v. *The State, ex rel.*, 54 Ind. 2; *The People* v. *Kane, supra.*

In speaking of a recognizance, the Supreme Court of Illinois said: "We understand the law to be well settled, that the record imports absolute verity, and no averment can be taken against it. For this reason the pleas were bad, and the demurrer properly sustained. Stephen's Plead., p. 158; *The People* v. *Watkins*, 19 Ill. 118; *Johnson* v. *The People*, 31 Ill. 472." *Welborn* v. *The People*, 76 Ill. 516.

There are, in many respects, essential differences between the judgments of courts of inferior and those of general superior jurisdiction. It is the general rule, as we have already intimated, that jurisdiction must, in cases of judgments of the former tribunals, appear upon the record; but whether this rule extends to cases where an accused, without objection, enters into a recognizance required of him by the justice of the peace, where he is personally in court and has full opportunity of freely objecting, we need not, and do not, decide. The record does not present this question; for the recognizance here sought to be enforced was entered into during the open session of a court possessing the highest original jurisdiction of criminal offences.

Judgment reversed.